IN RE ESTATE OF JOHN ALBERT, Deceased; LINUS SANFORD, Executor, Appellant.

St. Louis Court of Appeals, May 16, 1899.

Jurisdiction of Circuit Court: SECTION 3403, REVISED STATUTES 1899, CONSTRUED. In the case at bar no formal objection was made either in writing or otherwise to the newly elected probate judge acting on the report of sale, but the record shows that all the parties, the executor and heirs and legatees appeared and consented to the certification of the case to the circuit court.

*Appeal from the Cape Girardeau Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

ROBERT L. WILSON for respondent.

This case is based on a motion of respondent, a creditor of said estate, praying the court to compel him to give a new and sufficient bond, for the reason that one bondsman was dead

and the other bondsman was insolvent. Notice of said application was served upon said executor more than ten days before the date mentioned for the presentation thereof, and upon proof of the service of said notice, and the death of one surety and the insolvency of the other, the court ordered the said executor to give a new and sufficient bond in five days, the said executor failing and refusing to do so his letters were revoked. 1 R. S. 1889, sec. 30. Appellant appealed from said order of the court revoking his said letters, but he gave no appeal bond as required by statute, and we insist that in this case he has no standing in court, for the reason that the statutes require that when an executor or administrator appeal from an order of the court upon an executor or administrator to give another and sufficient bond, or from an order of the court revoking his letters of administration, etc., there shall be no appeal unless an appeal bond be given, and the appellant having failed to give an appeal bond, this case is not properly in this court and the appeal should be dismissed. 1 R. S. 1889, sec. 288, title, Administration. As to the objection raised to the prosecution of this cause for want of a cost bond. The contention of appellant that respondent being a non-resident, can not maintain this action because no cost bond was filed we insist is untenable. The statute reads: In all civil cases where the plaintiff or person in interest, for whose use the action is commenced, shall not be a resident of this state shall file with the clerk a cost bond, etc. R. S. 1889, sec. 2915. The motion to compel an executor to give a new bond is not an action on an office bond, nor is it a civil action. It is a mere suggestion to the court that the probate court inquire into the matter. The action of the court awards no remedy to the mover, gives no judgment, awards no relief. It is giving the court notice of a condition of bond that the law imposes on the probate court to examine and take notice of the sufficiency of bonds filed in its office. R. S. 1889, secs, 26, 31.

SAM M. GREEN for appellant.

An unauthorized appeal from an inferior court does not vest jurisdiction in the appellate court nor divest that of the inferior court. State ex rel. v. Engelmann, 104 Mo. 628; Kelm v. Henkler, 49 Mo. App. 664. Unless all the statutory requirements are complied with in taking an appeal, the appellate court does not acquire jurisdiction. Giesing v. Schowengerdt, 24 Mo. App. 554; Green v. Costello, 35 Mo. App. 127; Whitelaw v. Cole, 49 Mo. App. 428; Devore v. Steckler, 49 Mo. App. 547. While this is not an appeal case, the principle required by law is the same, i. e., a strict observance of the law in appeals, changes of venue and transfers, is necessary to give the last court jurisdiction. Nor can consent of parties confer jurisdiction. Giesing v. Schowengerdt, 24 Mo. App. 554.

BIGGS, J.—Linus Sanford is the executor of the estate of John Albert, deceased. The Fidelity Trust and Safety Vault Company is a creditor of the estate. The latter complained to the Cape Girardeau Court of Common Pleas (a court having original probate jurisdiction and where the administration of the estate was then pending), that one of the sureties on the bond of the executor had died, and it asked for an order requiring a new bond (R. S. 1889, sec. 26.) When the matter was called up for disposition it appeared that an attorney who represented some of the heirs and creditors had been recently elected judge of the court. Thereupon the attorney for the Fidelity Company made an application for a certification of the matter to the circuit court of the county, as provided by section 3403, Revised Statutes 1889. The papers were transmitted to the circuit court, where the matter was heard, and the executor ordered to give a new bond. Failing to comply with the order his letters were revoked. He has appealed to this court.

It is insisted by the appellant that the application of the attorney of the creditor for a certification of the case to the circuit court was not a compliance with section 3403, Revised Statutes-1889, and that therefore the order of certification based on this application did not have the effect of conferring on the circuit court jurisdiction to hear and determine the matter. For the reason stated in our opinion in the case of In re Est. of John Albert, deceased, No. 7409, not yet reported, we rule this question against the appellant.

The appellant also complains of the failure of the Fidelity Company, which is a foreign corporation, to give a cost bond. The question is not properly before us PRACTICE, trial. for review. It could not be raised by an objection to the admission of evidence. Finding no error in the record, the judgment of the circuit court will be affirmed. All concur.