Mrs. Iva V. Walker, Administratrix of the Estate of Roberta Minkner, Deceased, Helen Sager and August Sager, v. J. F. Allebach and Silkey Akes, Appellants.—No. 39365.—189 S. W. (2d) 282.

Division Two, September 4, 1945.

*Geo. Francis Burton* for appellant.

*E. L. Redman* and *C. B. DuBois* for respondents.

LEEDY, J.—This is a suit in equity to cancel and set aside a deed of trust conveying 80 acres of land in Gentry County, and the $3000.00 note secured thereby, and to enjoin a threatened foreclosure sale under said deed of trust. From a decree for plaintiffs as prayed, defendants appeal.

The parties will be referred to as they were styled in the trial court. The cause originated in Gentry County, and on defendants' application for a change of venue, it was transferred to the Harrison Circuit Court, where, on July 18 and 19, 1944, it was tried during the May, 1944, term of said court.

The instruments in question were executed December 26, 1941, by Roberta (or Roa) M. Minkner, a widow (since deceased), a resident of Gentry County. The note, maturing in five years after the date thereof, was payable to the maker's sister, defendant Silkey Akes, a resident of Kansas, who was also the beneficiary in the deed of trust.

From plaintiffs' brief, and by exploring defendants' improperly prepared transcript on appeal, we learn that defendant Allebach is the trustee named in the deed of trust, and, as such, is a nominal party defendant. The plaintiffs are Mrs. Iva V. Walker, the Administratrix of the Estate of Roberta Minkner, deceased, and Mrs. Minkner's only child and heir at law, Helen Sager, and the latter's husband, August Sager. The Sagers are judgment creditors of said estate. The petition charges, among other things, that said instruments are void because they were obtained by Silkey Akes in fraud of creditors, including the Sagers, and that said conveyance was voluntary and without consideration, and that it was never delivered to the said Silkey Akes, but wrongfully came into her possession after the death of Roberta Minkner; and that the ▇▇▇ estate has no other property or assets with which to satisfy her creditors. The answer set up that the consideration for said note and deed of trust was the advancement by Silkey Akes of large sums of money to her sister, Roberta Minkner, and the payment of all of the latter's doctor and hospital bills and funeral expenses, and an agreement to care for and keep the grantor "the remainder of her life, whether short or long," which contract, it was alleged, had been fully and completely performed.

Proceedings on this appeal subsequent to the filing of the short form transcript (December 7, 1944) have been under the new code (Civil Code of Missouri, Laws 1943, pp. 353-397, secs. 847.1-847.145 Mo. R. S. A.), and our Rule 1, both of which became effective January 1, 1945. This cause was originally docketed for May 4, 1945. Plaintiffs, on April 25, 1945, filed their motion to dismiss the appeal for failure of defendants to comply with rules 1.04 and 1.08. We acted on several irregular motions filed by defendants, and otherwise attempted to facilitate the hearing of the cause on its merits. Among other things, we extended the time for the filing of their brief, and reset the cause at the foot of our May docket, at which time the cause was argued and submitted, and the motion to dismiss was ordered taken with the case. The transcript on appeal was not filed until two days before the cause was submitted. Acknowledgment of service thereof on plaintiffs' attorneys is dated one day before the transcript was filed in this court. As originally transmitted to this court, it had not been agreed to by the parties, nor the trial judge. We permitted it to be withdrawn on the date it was filed, and it was returned with a certificate of approval of the trial judge. In passing on the motion to dismiss, we ignore the deficiencies of the transcript on appeal, and confine our consideration to the question of the sufficiency of the brief under Rule 1.08. Said rule provides that the brief of the appellant shall contain: (1) A concise statement of the grounds on which the jurisdiction of the review court is invoked; (2) A fair and concise statement of the facts [relevant to the questions

presented for determination (b)] without argument; (3) The points relied on, which shall specify the allegations of error, with citation of authorities thereunder . . . ; and (4) An argument . . . The statement of the facts and the argument shall have specific page references to the transcript on appeal (a).

Defendants' brief fails to comply with each and all of the foregoing requirements. · It contains no jurisdictional statement whatever, nor any reference to that subject. The statement of facts sets out those on which the defense is predicated, and omits the facts developed by plaintiffs' evidence, and on which they rely. Such of the facts as are stated have no page references to the transcript either in the statement or argument. The essence of the second requirement of said rule, as supplemented by paragraphs (a) and (b), is merely that it is the duty of the appellant to make a fair and concise statement of the facts relevant to the questions presented for determination, and in that connection to make specific page references to the transcript. And a statement which omits the essential facts on which an appellant's adversary relies cannot be deemed a substantial compliance · with said rule. Curiously, the brief is labeled "Statement of Facts." The first three pages are devoted to a statement so headed in bold type. This is followed by twenty-five ·pages under the heading "Argument and Brief" in which certain abstract propositions of law (largely in the form of excerpts from decid'ed cases) are stated, but without in any wise showing their applicability to the case at bar, so that the brief is devoid of any statement of the points relied on, and it does not specify the allegations of error with citations of authorities thereunder, as, required by said rule. Thus we are left without sufficient· information on which to proceed, and in the absence of any question properly before us for review, we hold the appeal should' be dismissed. No good cause has been attempted to be shown for the violations noted, and as we are satisfied from a reading of the transcript, including the testimony, that the interests of justice do not require any different disposition of the case, the appeal is dismissed. All concur.