In the Matter of Adoption of Minor Children of Donald L. Forshey.—225 SW (2) 816.

Springfield Court of Appeals.   Opinion Delivered December 7, 1949.

*A. H. Garner* for appellant.

1090

*Russell Mallett* for respondents.

McDOWELL, J.—This is an action in adoption. Three separate petitions, were filed in the Juvenile Division of the Circuit Court of Jasper County, Missouri, asking for the adoption of four minor children. On March 15th, 1949, a petition was filed in said court and division, by Donald L. Forshey, father of said minor children, asking the dismissal of the petitions for adoption and that he be granted the custody of said children. The causes were consolidated and tried by the court, who, on June 5th, 1949, found for petitioners and granted the adoption of said minor children as prayed for and found that the father, Donald L. Forshey, was not entitled to the custody of said children. From this judgment, Donald L. Forshey appeals to this court.

O. B. Wilson and Dorothy L. Wilson, his wife, filed a petition December 27th, 1948, asking for the adoption of *Darrel Forshay*, alleging that said child had been wilfully abandoned by his parents and that said parents had wilfully neglected to provide proper care and maintenance for said child.

January 17th, 1949, William C. Burns and Ida Lee Burns, his wife, by petition in the Juvenile Department of the Circuit Court, asked for the adoption of David LeRoy and Douglas Laverne *Forshay*. The petition stated that the parents had wilfully abandoned said children and had wilfully neglected to provide proper care and maintenance for said children for a period of one year last past.

On February 16th, 1949, Frank Montgomery and Hazel Montgomery, his wife, by petition, asked for the adoption of Juanita Faye *Forshay*. Their petition stated that the parents had wilfully neglected to provide proper care and maintenance for said child for one year last preceding the filing of the petition.

All of the petitioners resided in Jasper County, Missouri, and all of the petitions allege that Pauline *Forshay* was the mother of of the children named therein, and resided in Jasper County, Missouri, and that Donald *Forshay* was the father and that he was a non-resident of Missouri, residing in California. And in all of said petitions the mother consented, in writing, to the adoptions.

The petition of O. B. Wilson and Dorothy L. Wilson, asking for the adoption of Darrel Forshey, was amended by permission of the court to show the consent of the mother, Pauline Forshey, to such adoption.

Donald L. Forshey was served, by publication, in each of said petitions.

The court appointed William Kelley as Guardian ad litem for the minors in each of said cases, and said Guardian ad litem filed answers therein.

Donald L. Forshey, the father of the minor children, in each of said petitions so filed, filed a petition in the Juvenile Department of the Circuit Court of Jasper County, March 15th, 1949, in which he asked that the proceedings in each of the cases for the adoption of said minor children be suspended or dismissed and that he be awarded the custody of said minor children. In his petition the father refuses to give his consent for the adoption of his children, or any of them, and objects to the proceedings herein and alleges that he is now filing a petition to change the custody of said minor children from their mother to himself and alleges that such action will be commenced within ten days from the date of the filing of the petition. The petitioner asked that he may be permitted to take the children to the place of his residence in the state of California.

By order of the court, March 15th, 1949, the three separate cases for adoption and the petition of the father asking for custody of said children were consolidated and tried as one case. Judgment was rendered by the court denying the relief to the father, under his petition, for custody of said minor children for the reason that he had neglected the children and abandoned them for over a year. The judgment recited that the father was not a fit person to have the care and custody of the children and decreed the adoption of said minor children as prayed for in each of the petitions. In the judgment the court states that he found that the father had abandoned said children under the latest Statute and not under the Statute requiring two years abandonment. From this judgment appellant appealed to this court.

In appellant's brief, statement and argument, under points and authorities, he relies upon eight assignments of error in which he contends that the trial court erred in the trial of the case.

Under assignments (1) and (5) he complains that the court erred in its finding of facts.

Under assignments (2) and (6) appellant complains that the trial court erred in interpretation of the law applicable in the case.

Under assignments (3), (4) and (8), the complaint is that the finding that the children had been neglected for two years was erroneous or that the time necessary for the adoption was not sufficient and that the adoption was contrary to law.

Under assignment (7), the complaint is that the judgment was not one of equity or for the best interest of the children.

We believe that the only issue appellant raises in this case is that the evidence offered by petitioners in the adoption cases was insufficient to show that appellant had wilfully abandoned his minor

children or had wilfully neglected to provide proper care and maintenance for said children as required by the Statute.

The question of abandonment by appellant of his minor children is a matter for judicial determination in proceedings for adoption of said children without the parent's written consent. Application of Graham, 239 Mo. App. 1036, 199 S. W. 2d 68.

It is the duty of the court in this appeal to give due deference to the ruling and finding of the trial judge, but the court must review all evidence and finally reach its own conclusion on both facts and law. Polich et al. v. Hermann, et al., 219 S. W. 2d 849.

The court is first met with respondent's contention No. 1, which is as follows:

"(a) Where the appellant filed an incorrect and incomplete abstract of the record so that this Court does not have before it for review the evidence on which the trial court decided the issue against the appellant, and in favor of the respondents and where respondents filed a counter and additional abstract, and set out some additional evidence, but declined to furnish a complete abstract, this Court should dismiss the appeal for failure to comply with the rules of this Court, particularly, Rules *1.08 and *1.15, of this Court."

Supreme Court Rule No. 1.08 provides: "(a) * * * The brief for appellant shall contain: (1) A concise statement of the grounds on which the jurisdiction of the review court is invoked; (2) A fair and concise statement of the facts without argument; (3) The points relied on, which shall specify the allegations of error, with citation of authorities thereunder; provided, however, if more than three authorities are cited in support of a point made, the three authorities principally relied on shall be cited first; and (4) An argument.

"(b) The fair and concise statement of the facts shall be in the form of a statement of the facts relevant to the questions presented for determination. Irrelevant facts and testimony and mere formal matters should not be included in the statement. If desired, such statement may be followed by a statement of testimony of each witness relevant to the points presented.

"(c) The statement of the facts and the argument shall have specific page references to the transcript on appeal, or, if the transcript is printed, to the printed transcript. * * *."

An examination of the statement of facts made by appellant in his brief and argument discloses that he failed to make a statement of facts. What he called a statement is merely a recitation of the filings of the pleadings in the case, the date the court rendered its judgment, the date of filing the motion for new trial and the ruling of the court thereon, the date of filing petitioner's notice of appeal, the appeal bond, the date of the filing of the transcript and the

reference to pages of the transcript where the pleadings may be found.

We must hold that appellant wholly failed to make a fair and concise statement of the facts in the case in his statement, brief and argument as required under Supreme Court Rule No. 1.08.

The transcript of the record in this case shows that many witnesses testified in behalf of the petitioners for adoption; that both the mother and father of said minor children testified and that there was offered in the trial documentary testimony concerning the issues presented to the trial court. The question of whether or not appellant in this case had wilfully abandoned his children or whether appellant had wilfully neglected to provide proper care and maintenance for said children was a question of fact to be judicially determined by the court; and the issue to be decided by us on this appeal is whether or not the trial court properly determined these questions of fact. Yet, appellant, in his statement, brief and argument does not set out any of the evidence in the case bearing upon this issue that would enable the court to determine whether or not the trial court had properly followed the law under the facts in the case. The Supreme Court Rule No. 1.08, Section (b) requires that a fair and concise statement of the facts shall be in the form of a statement of the facts relevant to the questions presented for determination. We hold that appellant wholly failed to meet this requirement.

In Webb v. Denney, 170 S. W. 2d 946, 1. c. 949, decided in this court, Judge Smith said:

"(1-3) This case was tried as an equity case. It is necessary to have all the evidence before us that was presented to the Chancellor. The duty to present this evidence here rests upon the plaintiffs in error. They cannot evade this responsibility and duty. It they fail, the defendants in error have two courses open to them. They may furnish all the evidence in an additional abstract, or may file an additional, but incomplete, abstract, showing that the abstract of plaintiffs in error is incomplete and decline to furnish a complete abstract. They followed the latter course by filing the incomplete abstract. This court, in an opinion by Fulbright, Judge, has held that this procedure is proper. Deverell v. Eagle Picher Lead Co., Mo. App., 137 S. W. 2d 473, loc. cit. 479, 480 with cases there cited.

"By comparing the abstract furnished by plaintiffs in error with the additional abstract furnished by defendants in error, it is shown that we have not been furnished an abstract of the record as required by Section 1194, R. S. Mo. 1939, Mo. R. S. A. Sec. 1194, and by rules 9, 15 and 16 of this court."

In the case at bar respondents filed an incomplete abstract of the record and declined to furnish a complete abstract.

The abstract of the record furnished us by appellant herein not only fails to set out the full testimony of the many witnesses, either

1096

in narrative form or by questions and answers, sufficient to advise the court of the import thereof, but wholly fails to set out any of the evidence offered in the case upon which the trial court bases its findings.

In this situation we cannot review the evidence presented to the trial court. We have not been furnished a fair and concise statement of the facts relative to the questions at issue in this case, without which we cannot convict the trial court of error.

In Boyd et al. v. Spickard et al., 147 S. W. 2d 676, where the abstract of the record furnished contained the amended petition, verdict, motion for new trial, affidavit for and the granting of the appeal, filing of the bill of exceptions, granting of writ of error, statement, assignments of errors, points and authorities and argument, and contained not a word in narrative form or otherwise, of the evidence to which such abstract was referable and where later an additional abstract of the record was filed containing only a part of the evidence in the case, the court held that the plaintiff in error had violated the rule of the court and that this court was not in a position to say that the trial court erred in the manner complained of and sustained a motion to dismiss.

In Walker v. Allebach et al., 354 Mo. 298, 189 S. W. 2d 282, the Supreme Court, in passing upon the failure of appellant to make a fair and concise statement of the facts relevant to the questions presented for determination, made the following statement of law:

"'* * * The statement of facts sets out those on which the defense is predicated, and omits the facts developed by plaintiffs' evidence, and on which they rely. Such of the facts as are stated have no page references to the transcript either in the statement or argument. The essence of the second requirement of said rule, as supplemented by paragraphs (a) and (b), is merely that it is the duty of the appellant to make a fair and concise statement of the facts relevant to the questions presented for determination, and in that connection to make specific page references to the transcript. And a statement which omits the essential facts on which an appellant's adversary relies cannot be deemed a substantial compliance with said rule. Curiously, the brief is labeled 'Statement of Facts.' The first three pages are devoted to a statement so headed in bold type. This is followed by twenty-five pages under the heading 'Argument and Brief' in which certain abstract propositions of law (largely in the form of excerpts from decided cases) are stated, but without in any wise showing their applicability to the case at bar, so that the brief is devoid of any statement of the points relied on, and it does not specify the allegations of error with citations of authorities thereunder, as required by said rule. Thus we are left without sufficient information on which to proceed, and in the absence of any question properly before us for review, we hold the appeal should be dismissed.

No good cause has been attempted to be shown for the violations noted, and as we are satisfied from a reading of the transcript, including the testimony, that the interests of justice do not require any different disposition of the case, the appeal is dismissed.'' Gorman v. Kauffman, 188 S. W. 2d 70.

In Colorado Milling & Elevator Co. v. Rolla Wholesale Grocery Co., 102 S. W. 2d 681, this court held that it was not sufficient that the abstract of the testimony be given in the version of the counsel preparing it and especially where only references are made to exhibits and none of the exhibits set out but the mere conclusion of counsel as to their effect. The court held the entire evidence must be set out so this court may determine its materiality and probative force and the court held that there was a violation of Section 1028 R. S. Mo. 1929 (Mo. S. A. Sec. 1028, page 1310), or the Rules of this court Nos. 15 and 16. The court stated, in this case, that we must assume the trial court acted properly in sustaining the demurrer.

Rule 1.15 of the Rules of the Supreme Court of Missouri, gives this court some latitude in refusing to dispose of the case upon technical considerations. The Rule reads as follows:

''If any appellant in any civil case fails to comply with rules numbered 1.04, 1.06, 1.08, 1.09, 1.10, 1.11, 1.12 or 1.13, the court, when the cause is called for hearing, will dismiss the appeal * * * unless good cause is shown or the interests of justice otherwise require. The court may suspend or modify its rules in a particular case upon a showing that justice so requires.''

We have examined the evidence in this case, as set out in the transcript, and we find that the interest of justice does not require that we pass upon the merits of the case. Walker v. Allebach, et al., supra.

This appeal should be dismissed. It is so ordered. *Vandeventer, P. J.*, and *Blair, J.*, concur.