Millie JACOBS, Plaintiff-Appellant,

v.

James STONE and Frances Stone,
Defendants-Respondents.

No. 45535.

Supreme Court of Missouri,
Division No. 1.

March 11, 1957.

John G. Crichton, Kansas City, for plaintiff-appellant.

W. M. Stringer, W. B. Stone, Moberly, for defendants-respondents.

VAN OSDOL, Commissioner.

This is an action to recover $15,000 damages for personal injuries sustained by plaintiff in falling into a hole on premises occupied by plaintiff as defendants' tenant. It is inferred that at some former time there was a well near the rented building which had been filled to the level of the surrounding area; and that plaintiff, in walking through the area, stepped on and broke through the crust of the surface immediately over the site of the refilled well, and was

injured. At the conclusion of the evidence, the trial court sustained defendants' motion for a directed verdict and rendered judgment for defendants. Plaintiff has appealed.

Defendants-respondents have moved that the appeal be dismissed or that the judgment be affirmed, Supreme Court Rule 1.15, 42 V.A.M.S., and have stated as grounds for the motion the failure to comply with Supreme Court Rule 1.08, 42 V.A.M.S.

■ Plaintiff-appellant's "statement of facts" contains no statement of facts actually relevant to any question or questions for determination. Supreme Court Rule 1.08(b), supra. Appellant's "points relied on" consist of assignments or allegations of errors of the trial court in sustaining defendants' motion for a directed verdict and in instructing the jury that the verdict should be for defendants, with no concise statement of why it is contended the trial court erred, or was wrong in so ruling. Supreme Court Rule 1.08(a) (3), and (d), supra. The cases cited in support of these assignments have a bearing only as abstract statements of the law governing an appellate court in determining the sufficiency of the evidence in supporting a submission of an issue. These abstract statements of the law as stated in the cases (cited by appellant in support of the points relied on) are restated in appellant's brief and comprise the whole of the printed "argument." In the printed argument no reference is made to the facts of the instant case. Nor is there any effort to show this court in what way any particular fact was overlooked or misconstrued by the trial court or in what way the trial court incorrectly applied the law to the facts in ruling that plaintiff had failed to make out a case for the jury. And the statement of facts and the printed argument are devoid of any specific page reference to the transcript on appeal. Supreme Court Rule 1.08(c), supra.

■■ This court in ruling a motion to dismiss or to affirm under Supreme Court Rule 1.15, supra, based on asserted failure to comply with Supreme Court Rule 1.08, supra, has, in the anxiety to determine causes on their merits, frequently given the latter rule a liberal interpretation; but this court has also time and again urged that Rule 1.08 be observed, because the Rule is not merely a "show of surface routine." It is of utility in enabling a painstaking analysis of meritorious contentions, and the observation of it is most conducive to an expeditious, efficient and just review and determination of causes on their merits. The Rule is, of course, for the benefit of the appellate court and counsel. Compliance with the requirements of the Rule enables the court to particularly address itself to, consider and determine the precise questions which appellant considers to be decisive in sustaining appellant's position that a trial court's rulings were prejudicially erroneous.

■■ It is the duty of an appellant to distinctly point out the alleged errors of a trial court and to show that he was prejudiced by the rulings alleged to be erroneous, and to make specific reference to pages in the transcript on appeal which disclose the bases for the contentions of error in a trial court's rulings. Justice demands that cases be correctly and speedily determined. This cannot be completely and surely done unless the causes appealed and submitted to the appellate court are properly briefed. See now Repple v. East Texas Motor Freight Lines, Mo.Sup., 289 S.W.2d 109; Ambrose v. M. F. A. Co-Operative Ass'n of St. Elizabeth, Mo.Sup., 266 S.W.2d 647; Walker v. Allebach, 354 Mo. 298, 189 S.W.2d 282; Kleinschmidt v. Globe-Democrat Pub. Co., 350 Mo. 250, 165 S.W.2d 620; Majors v. Malone, 339 Mo. 1118, 100 S.W.2d 300; Sullivan v. Holbrook, 211 Mo. 99, 109 S.W. 668.

In the instant case, plaintiff-appellant in the preparation of her brief has made no attempt to comply with the Rule with the result that really nothing is presented herein for review; and there is no showing in

appellant's brief of any good cause or of any requirement in the interest of justice that, having failed to comply with the Rule, her appeal should not be dismissed or the judgment for defendants affirmed.

The appeal should be dismissed, and it is so ordered.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by VAN OSDOL, C.; is adopted as the opinion of the court.

All of the Judges concur.