STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, (Plaintiff) Appellant,

v.

John H. HARRISON, Harry Arthur Hall, et al., Defendants,

Stephen A. Piskulic and Louise A. Piskulic, (Defendants-Exceptors) Respondents.

No. 29973.

St. Louis Court of Appeals. Missouri.

March 4, 1958.

Robert L. Hyder, Minor C. Livesay, Jefferson City, for appellant.

Ziercher, Tzinberg, Human & Michenfelder, Albert A. Michenfelder, Jr., Clayton, for defendants-respondents Stephen A. Piskulic and Louise A. Piskulic.

DEW, Special Commissioner.

This action was instituted to condemn real estate for the purpose of a right-of-way for State Highway Route SD, St. Louis County, Missouri, including easements in certain property belonging to the defendants-exceptors hereinafter, for convenience, called "respondents." The amount awarded to respondents by the Commissioners was $3,000. To this award respondents filed exceptions. Upon a trial by jury in the Circuit Court respondents received a verdict and judgment for $4,500, from which judgment appellant took this appeal.

Upon the filing of appellant's brief herein, a motion was filed by respondents to dismiss this appeal on the grounds that the brief fails to conform to the requirements of Supreme Court Rule 1.08(a) (2) and (b) and 1.08(a) (3), 42 V.A.M.S. The motion cites and is predicated upon Rule 1.15, which directs the Appellate Court to dismiss the appeal or affirm the judgment in any civil case, if the appellant in his brief has failed to comply with Rule 1.08 (or any of several other rules designated), unless good cause is shown or the interests of justice otherwise require, in which event the rule authorizes the court to suspend or modify any such designated rules in a particular case.

In view of the necessary disposition of this appeal hereinafter made, it is not essential to set forth more particularly the pleadings in the case nor the evidence adduced at the trial. Upon the filing of respondents' motion to dismiss the appeal, this court took the motion under advisement with the case, and it now requires our first consideration. Respondents filed and served with the motion their suggestions in support of it, but the appellant has not supplied us with any suggestions in opposition.

It is first contended in the motion to dismiss the appeal that appellant's brief fails to conform to the parts of Rule 1.08 designated as 1.08(a) (2) and (b), which require that the appellant's brief contain a "fair and concise statement of the facts * * * relevant to the questions presented for determination * * *" omitting "irrelevant facts and testimony and mere formal matters." More particularly, respondents assert that appellant, in the "Statement" contained in its brief, fails to mention any evidence claimed by respondents to have been improperly admitted or refused, and on which appellant apparently bases its appeal, and which is necessary for a determination by the court of the issues presented for review. Respondents maintain that the "Statement" omits every fact relevant to the proof of damage to their property, general or special, its market value and the benefits received.

That part of appellant's brief entitled "Statement" describes the general nature of the action as one for condemnation of real property for highway purposes, states the character and location of the project, describes respondents' property and improvements affected, and states in what court the proceedings were brought and are pending. Thereafter follows a bare recital of the record proper of the case to and including the filing of the transcript on appeal. Following the above "Statement" there appears a heading "Evidence," under which is set forth a description of the project, the property of the respondents involved, the improvements thereon, the location of the easements acquired, a statement that the highway was not completed at the time of the trial, that a driveway was later to be constructed on respondents' property, not shown on Exhibit 6, and that the project consisted of a widening of a two-lane road to a four-lane concrete highway pavement with curb and gutter abutting the property.

Respondents, in their answer brief, under the headings "Respondents' Case" and "Appellant's Case," set forth in considerable detail the evidence regarding the improve-

ments affected by the condemnation of their property; the testimony of witnesses for each party as to the value of the property before and after the taking, and relative to the damages incurred, the evidence pertaining to plans of the appellant to sod a portion of respondents' property and to construct a driveway for them. They also made reference to the appellant's offer of proof to show special benefits to respondents' property.

It is apparent that the "Statement" in appellant's brief is not in substantial compliance with Rule 1.08(a) (2), (b). Walker v. Allebach, 354 Mo. 298, 189 S.W. 2d 282; Botto v. James, Mo., 209 S.W.2d 256. However, respondents, in their answer brief, have furnished the facts necessary for a determination of their contentions and informed the court on the issues involved. The insufficiency of appellant's "Statement" alone, under the circumstances shown in this case, would not justify a dismissal of the appeal. See Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 245 S.W.2d 96, 100; Holmes v. McNeil, 356 Mo. 846, 204 S.W.2d 303, 304; Botto v. James, supra.

The second ground of respondents' motion to dismiss this appeal, however, presents more serious objections to appellant's brief. It is urged that none of the appellant's four points of error relied on as presented in its brief, meets the requirements of Rule 1.08(a) (3), and that none, therefore, presents anything for this court to review. Rule 1.08(a) (3), as last amended, effective May 15, 1957, requires appellant's "Points Relied On" to "show what actions or rulings of the Court are sought to be reviewed and *wherein and why they are claimed to be erroneous* * * *." (Italics supplied.) Furthermore, subparagraph (d), previously added to Rule 1.08 by amendment effective in December, 1954, provides: "The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is con-

tended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule." In the instant case, appellant, in its brief, under the heading "Points and Authorities," presents its points as follows, omitting the authorities cited:

"I.

"The trial court erred in admitting in evidence, over the objection of the appellant, respondents' exhibit 6.

"II.

"The trial court erred in sustaining respondents' objection to the testimony of appellant's witnesses Bruce Campbell and Jean W. Mason, and to counsel's questions concerning damages and benefits to respondents' remaining premises as a result of widening and improvement of Page Avenue.

"III.

"The court erred in refusing to give appellant's offered Instructions A and B.

"IV.

"The court erred in giving Instructions 1 and 4 over the objection of appellant."

[3] The provisions of Rule 1.08(a) (3), (d), when properly complied with, are designed to fix and define the precise specifications of error to be presented for argument and review. Johnson v. Fogertey Bldg. Co., Mo.App., 194 S.W.2d 924. The court and counsel are thus advised at the outset, under the appellant's "Points and Authorities," and without a previous study of the records of the case, exactly what actions of the court are sought to be reviewed, argued and determined. Compliance with the provisions of that rule enables the appellate court to determine if any point of error is made or omitted which affects its

jurisdiction of the appeal, or presents any mere abstract question of law or fact, or any issue purely moot in character or one which the appellate court otherwise is not authorized to review. Lewis v. Watkins, Mo.App., 297 S.W.2d 595, 597.

Speaking of Rule 1.08, Judge Hyde, in his separate concurring opinion, in Ambrose v. M.F.A. Co-Operative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647, at page 650, said in part:

"The requirements of Rule 1.08 most frequently violated are those in (a) (3) providing that appellant's brief shall contain: 'The points relied on, which shall specify the allegations of error, with citation of authorities thereunder'. * * * many briefs have 'points' which are only allegations of error (stated as in the motion for new trial) but do not state any reasons why it is contended that the Court erred in making the ruling which is said to be erroneous. In neither case can this Court tell from the 'points' just what the appellant's contentions are and must waste time trying to determine this from other parts of the brief or transcript. When Rule 1.08(a) (3) is properly complied with the 'points' constitute a short and concise outline of the part of the brief called 'an argument.' "

When necessary, in order to comply with the rule, the additional information required by it may easily be added by the appellant to any point of error in his "Points and Authorities" by one or more subparagraphs in concise form.

■ Point I in the present case plainly ignores the rule in that it fails to state any reason why the ruling of the court is claimed to be erroneous. A point of error similar in form was held insufficient in Evinger v. Thompson, 364 Mo. 658, 265 S. W.2d 726, 736. See, also, Swope v. Emer-

son Electric Manufacturing Co., Mo., 303 S.W.2d 35, 41.

Point II not only fails to specify definitely what actions of the court are complained of, but it contains no specifications as to wherein or why it is contended the court was wrong in its rulings, although some five or six reasons are discussed in the "Argument." The rule requires such specifications to be supplied under "Points and Authorities." Ambrose v. M.F.A. Co-Operative Ass'n of St. Elizabeth, supra; Union Electric Co. v. Levin, Mo.App., 304 S.W.2d 478, 483; Guidicy v. Guidicy, 351 Mo. 1127, 238 S.W.2d 380, 383; Evinger v. Thompson, supra; Beeler v. Board of Adjustment of City of Joplin, Mo.App., 298 S.W.2d 481; Sykes v. Stix, Baer & Fuller, Mo.App., 238 S.W.2d 918, 920, and Nibler v. Coltrane, Mo., 275 S.W.2d 270, 274.

■ Points III and IV clearly fail to conform to the requirements of Rule 1.08 (a) (3) and (d). In Evinger v. Thompson, supra, 265 S.W.2d at page 736, the point of error was that "the trial court erred in refusing to give Instruction A offered by defendant." The Supreme Court En Banc said: "This is good as an allegation of error but is defective under 1.08(a) (3) in failing to state any reason why this ruling was claimed to be wrong, namely 'the points relied on.' "

■ We are not unmindful of the statutes and rules requiring a liberal construction of the code and the express authority under Rule 1.15 to except from the provisions of Rule 1.08 any non-compliance with its terms if the interests of justice so require. We do not find in this appeal sufficient grounds to justify its exception from the requirements of Supreme Court Rule 1.08.

Accordingly, the motion to dismiss this appeal should be sustained on the second ground assigned in said motion and the appeal should be dismissed. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion of DEW, Special Commissioner, is adopted as the opinion of the court.

Accordingly, the appeal is hereby dismissed.

MATTHES, Acting P. J., ANDERSON, J., and JAMES D. CLEMENS, Special Judge, concur.