**Jackson C. STANTON, Plaintiff-Appellant,**

v.

**Esco PHILLIPS, G. W. Phillips, Roy E. Thacker, Defendants,**

**Roy E. Thacker, Rosa H. Thacker, Respondents.**

**No. 22865.**

Kansas City Court of Appeals. Missouri.

Dec. 1, 1958.

Jackson C. Stanton, Tuscumbia, pro se.

Harry Kay, Eldon, for respondents.

HUNTER, Judge.

Jackson C. Stanton, appellant pro se, had obtained a default judgment in the circuit court granting him a $680 fee, setting aside a deed, and placing a lien on certain property. The judgment was not appealed. A general execution was issued thereon. Respondents, Roy and Rosa Thacker, who claim to own the property in question filed separate motions to quash the levy. Appellant filed several motions against their motion to quash. The trial was before the court, who at the close of all the evidence, sustained respondents' motions to quash the levy, and entered judgment accordingly.

Appellant appealed to the Supreme Court. That court transferred the cause to this court. Respondents filed a Motion to Dismiss the appeal with the Supreme Court when the appeal was pending there, and on transfer to this court, renew it. The Motion to Dismiss the appeal states that appel-

lant has failed to comply with Supreme Court Rules, Rule 1.08, 42 V.A.M.S., in that the points relied on by appellant in his brief are mere abstract statements of law without any showing as to how they are related to any action or ruling of the trial court, and that the argument in appellant's brief does not in any way follow the points relied on and contains mere abstract conclusions without citation of authority.

We refer to respondents' Motion to Dismiss for their precise statement of the matter:

"II. The points relied on (p. 7) are mere abstract statements of law without any showing as to how they are related to any action or ruling of the trial court.

"No citation of authority is given for the attempted legal conclusion contained in Point I. There is nothing to show how the bare abstract statements of law in points II and III are in any way related to any issue in this case. Under the general 'Assignment of Error' (p. 6) of the Brief the first error complained of was not that the Court sustained the Motion to Quash the execution but that the Court sustained said Motion to Quash 'before ruling on plaintiff's special pleas, motion to strike and motion to dismiss the Motion to Quash'. Just how the abstract statements contained in Point II pertain in any way to when a Court should rule on a Motion to Quash (whether before it rules on other motions or after it rules on other motions) is not in any way pointed out, and clearly they would not touch that point.

"The second error complained of in the 'Assignment of Error' (p. 6) is that the court erred in overruling plaintiff's plea in estoppel. Not one word is contained in any of the Points and Authorities which refers or relates in any manner to this alleged error, nor is it pointed out why the abstract statements contained in Point II and the Authorities cited thereunder related in any way to this alleged error. The same is true as to other so-called assignments of error. Respondent is totally at a loss to

know how to prepare a brief in response to the points relied on by appellant. Many, if not all, of appellant's abstract statements of law contained under Point II of his Points and Authorities are true, but Respondents do not know how it is claimed that these statements of law are related to any issue in this case. Likewise the Court would have to search the entire record and determine for itself whether those abstract statements pertained in any way to the issues of this case.

"Likewise as to Point III (p. 10) of Appellant's Points and Authorities it is not pointed (out) how the title by entirety was injected into the case nor in what manner title to real estate was tried on the Motion to Quash in this case.

"Likewise as to Point IV (p. 10) of appellant's Points and Authorities it is not pointed out how the fact, if it were a fact, that Roy Thacker was not a purchaser for value and without notice had anything to do with the trial court's ruling on the Motion to Quash the levy of execution in this case or should have affected the trial court's ruling on the Motion to Quash.

"This Court and other appellate courts have repeatedly ruled that flagrant disregard of Supreme Court Rule 1.08 is grounds for dismissal of an appeal. In the case of Ambrose v. M. F. A. Co-Operative Ass'n [Mo.], 266 S.W.2d 647, this court dismissed an appeal for disregard of Rule 1.08. The appellant herein was attorney for the appellant in the Ambrose case. Almost the identical complaints were made of the appellant's brief in the Ambrose case as we are making in the case at bar."

\* \* \* \* \* \*

"III. The argument in Appellant's Brief (p. 11) does not in any way follow the Points relied on and contains mere abstract conclusions without citation of authority.

"The argument in Appellant's Brief (p. 11) does not in any way follow the Points relied on (p. 7). The argument primarily is a castigation of respondents. Said argument contains only three page reference to

the Transcript. Moreover the argument only mentions one authority and it is not mentioned under Points and Authorities (p. 7). This violates Rule 1.08(a) (4) of this Court."

Upon our examination of appellant's brief and the transcript we find that respondents' quoted statement concerning appellant's brief is accurate.

Supreme Court Rule 1.08(d) provides: "The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule." [1]

Supreme Court Rule 1.08(a) (4) provides the brief shall contain: "An argument which shall substantially follow the order of 'Points Relied On.'"

In the Ambrose case, 266 S.W.2d 647, 648, the Supreme Court, en Banc, stated: "The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it—the very ones it should not injure. If the rules in question stand for something and are ever to be enforced, they should be put in motion in this case."

\*　　\*　　\*　　\*　　\*　　\*

"In order for us to determine if the trial court erred in granting a new trial and entering a judgment for respondent, it would be necessary for this court to study the transcript and, also, to brief the various issues we find in the record, thereby this court becoming an advocate as well as a court."

\*　　\*　　\*　　\*　　\*　　\*

"However, there must be limits to our undertaking to do work that counsel should have done on his brief, not only because we would be doing work that is not properly ours, but also because in doing this in the attempt to decide a particular case on the merits we are deprived of the benefit of the views and research of opposing counsel on new matter thus developed by the Court on its own initiation."

■ Unfortunately, the deficiencies in appellant's brief and resultant failure to observe Rule 1.08 mentioned in the Ambrose case appear in substance again in his brief on this appeal, and the comments made by the Supreme Court in the Ambrose case are equally applicable on this appeal.

■ We regret having to dismiss any appeal for failure to comply with the appropriate rules. Nonetheless, where, as here, the violation of the rules is so flagrant as to leave respondents' counsel unable to determine what the contentions of error are, and to be unable to meet them in an answering brief, respondents' counsel is entitled to rely on a Motion to Dismiss the appeal in order to properly protect his clients' interests. And when the question of dismissal of the appeal is thereby placed squarely on this court, in the interest of justice, we must uphold the rules and dismiss the appeal.

For the foregoing reasons, this appeal is dismissed. It is so ordered.

All concur.

---

1. Recently Judge Samuel A. Dew in 26 Kansas City Law Review has published an article setting out the various steps and procedures to be followed in taking an appeal. On pages 51–54, Judge Dew discusses Rule 1.08 and illustrates its proper compliance.