Arthur O. WILDERMUTH (Plaintiff), Appellant,

v.

FRED MEDART MANUFACTURING CO., a Corporation, and Herbert A. Schuster, Trustee (Defendants), Respondents.

No. 30229.

St. Louis Court of Appeals.

Missouri.

Dec. 15, 1959.

Rehearing Denied Jan. 12, 1960.

Ralph R. Giessow, Clayton, for appellant.

Greensfelder, Hemker & Wiese, Mark R. Gale, St. Louis, for respondent Fred Medart Mfg. Co.

G. Carroll Stribling, Fordyce, Mayne, Hartman, Renard & Stribling, St. Louis, for respondent Herbert A. Schuster, trustee.

PER CURIAM.

This is an action for a declaratory judgment and other relief with respect to a certain contract purchased for plaintiff pursuant to a pension and retirement plan established by the defendant, Fred Medart Manufacturing Company, a corporation. Herbert A. Schuster, trustee under said plan, was also made a party defendant. There was a judgment below adverse to plaintiff's contentions, from which judgment plaintiff has appealed.

Respondent Fred Medart Manufacturing Company has raised the point that appellant's brief fails to comply with Supreme Court Rule 1.08, 42 V.A.M.S., and that the appeal should be dismissed for that reason. We quote the provisions of Rule 1.08 which are pertinent here:

"(a) * * * The brief for appellant shall contain: (1) A concise statement of the grounds on which jurisdiction of the review court is invoked; (2) A fair and concise statement of the facts without argument; (3) The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder * * *. (4) An argument which shall substantially follow the order of 'Points Relied On.' * *

"(b) The fair and concise statement of the facts shall be in the form of a statement of the facts relevant to the questions presented for determination. Irrelevant facts and testimony and mere formal matters should not be included in the statement. If desired, such statement may be followed by a statement of testimony of each witness relevant to the points presented.

*    *    *    *    *    *

"(d) The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out

only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule."

■ Appellant's brief fails to comply with the foregoing rule in several respects. It contains no jurisdictional statement whatever. The statement of facts is not adequate. There is no analysis of the pleadings necessary to an understanding of what issues were tried below. The facts related are not full and complete. It omits facts relative to respondents' contentions which are necessary to a complete understanding of the issues involved. There is no analysis of the opinion of the court and the judgment based thereon—merely the statement that on a certain day the court "filed its memorandum opinion * * and judgment for respondent." No clear understanding of the case and the issues involved can be gained from a reading of said statement of facts. A statement which omits essential facts on which appellant's adversary relies, and which are necessary to an understanding of the issues on appeal, is not a substantial compliance with the rule. Walker v. Allebach, 354 Mo. 298, 189 S.W.2d 282; Turner v. Calvert, Mo.Sup., 315 S.W.2d 118; Stanton v. Phillips, Mo. App., 318 S.W.2d 516.

We quote appellant's "Points and Authorities."

"I

"The sale of the assets of the Company DID amount to a dissolution within the meaning of Section 11(a) of the Pension and Retirement Trust. (Citing authorities.)

"II

"The 1951 Amendment of the Plan DID deprive the plaintiff of rights he had prior thereto. (Citing authorities.)

"III

"The company had NO right to amend to give the company or create for its benefit any interest in or to the trust fund or any part thereof. (Citing authorities.)

"IV

"The purpose of a Pension Trust is to give employees a greater interest in and create the security of the employees—and once granted such a plan cannot, at least without notice to those benefited, be modified to take away such benefits as under its terms have been vested and by its terms continues to be vested in all future payments to said trust to support the original purpose thereof. (Citing authorities.)"

■ It will be observed that appellant has not, under his "Points and Authorities", complied with that part of the rule which requires him to state what actions and rulings of the court are claimed to be erroneous, and why it is contended the court erred. It has repeatedly been held that abstract statements of law, or of fact, are too general to meet the requirements of the rule. Ambrose v. M. F. A. Co-operative Ass'n of St. Elizabeth, Mo.Sup., 266 S.W. 2d 647; Repple v. East Texas Motor Freight Lines, Mo.Sup., 289 S.W.2d 109; Stanton v. Phillips, Mo.App., 318 S.W.2d 516.

■ We are satisfied from our study of the record and briefs of counsel that the interests of justice do not require this court to suspend the rule in this case.

The appeal is dismissed.