Morris MARKOWITZ and Dora Markowitz
(Plaintiffs), Respondents,

v.

UNIVERSITY CITY (a Municipal Corporation), (Defendant), Appellant.

No. 30332.

St. Louis Court of Appeals.

Missouri.

May 17, 1960.

Motion for Rehearing or to Transfer to Supreme Court Denied June 13, 1960.

· Marvin E. Boisseau, University City, for appellant.

Gerald Cohen, St. Louis, for respondents.

DOERNER, Commissioner.

Plaintiffs' petition in equity is in two counts. In count one plaintiffs alleged that the defendant had trespassed on their land and had taken a portion of their property for public use by constructing part of a street thereon. They asked that the defendant be restrained and enjoined from continuing the trespass and from using their property as a highway. In count two plaintiffs adopted the allegations as to the trespass and prayed for actual and punitive damages. The court denied plaintiffs' prayer for injunctive relief, but found that the defendant had wrongfully trespassed on plaintiffs' property and awarded them damages of $750, from which monetary judgment against it defendant appealed.

Plaintiff moved to dismiss the appeal on the grounds that defendant's brief failed to comply with former Supreme Court Rule 1.08, 42 V.A.M.S., in that (1) the jurisdictional statement is a mere conclusion; (2) it does not contain a fair and concise statement of the facts; and (3) there is almost a total absence of page references to the transcript in both the purported statement of facts and the argument.

Since this case was argued Supreme Court Rule 1.08 has been superseded by our new Rules of Civil Procedure. However, new Rule 83.05, V.A.M.R., is substantially the same as old Rule 1.08 and requires the appellant's brief to contain the same matter as did the old rule.

We have reached the conclusion that plaintiffs' motion should be sustained. While the jurisdictional statement is adequate, defendant's brief is exceedingly deficient as respects the purported statement of facts, and as to page references. The statement of facts in defendant's brief is devoted well nigh entirely to its own evidence, to the almost total exclusion of evi-

dence favorable to the plaintiff upon which the chancellor based his findings. This is not a compliance with the requirement that appellant's brief shall contain a fair and concise statement of the facts. In Wipfler v. Basler, Mo., 250 S.W.2d 982, 984–985, it was said:

"The 'Statement' in contestants' brief presents contestants' view of the facts and does not cover the facts favorable to proponents and upon which the jury evidently returned the verdict. This is not proper. The statement is primarily to afford an immediate, accurate, complete and unbiased understanding of the facts of the case, and one which does not fairly present the facts is pernicious to the extent it conveys in the first instance a false, distorted, or imperfect impression of the facts. Walker v. Allebach, 354 Mo. 298, 189 S.W.2d 282; Produce Exchange Bank v. Winn, 345 Mo. 420, 133 S.W.2d 419, 422(1, 2); McHenry v. Wabash R. Co., Mo.App., 216 S.W. 2d 538."

Defendant's brief also violates the Rule in that there is an almost complete absence of page references to the transcript. The purported statement of facts is approximately 8 printed pages in length, and there are about 9 pages in the argument which are devoted to a discussion of the evidence —mainly, the defendant's. In that total of 17 pages, there are exactly 12 references to the pages of the transcript, which is 236 pages long, where the matters discussed may be found. This is not even nominal compliance with Rule 1.08 or new Rule 83.05.

Ample authority exists for the dismissal of an appeal for violation of the Rule 83.05; Rule 83.09; Turner v. Calvert, Mo., 315 S.W.2d 118; Jacobs v. Stone, Mo., 299 S.W.2d 438; Walker v. Allebach, 354 Mo. 298, 189 S.W.2d 282; Kleinhammer v. Kleinhammer, Mo.App., 225 S.W.2d 377. No good cause has been shown why the Rule should be suspended in this case, nor does the interest of justice so require. Rule 83.09. The Commissioner therefore recommends that the motion to dismiss the appeal be sustained.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, the appeal is dismissed.

ANDERSON, Acting P. J., RUDDY, J., and SAM C. BLAIR, Special Judge, concur.