RICHARD SIMS, Appellant, v. HYDRAULIC PRESS BRICK COMPANY.—
19 S. W. (2d) 294.

Division One, July 30, 1929.

*Fred Berthold* for appellant.

*Elliot, Blayney & Bedal* for respondent.

ATWOOD, P. J.—This is an action for $20,000 damages on account of personal injuries sustained by appellant on June 22, 1924, while in the employ of respondent as a fireman at a brick kiln. The jury returned a verdict for defendant and from the judgment entered thereon plaintiff appealed.

448

The case was tried on plaintiff's amended petition, which alleged that while plaintiff was breaking coal with a coal hammer, in the course of his aforesaid employment, the hammer struck the coal a glancing blow, causing a piece of coal to strike plaintiff in the left eye, destroying the sight thereof and resulting in injury to and permanent impairment of the sight of plaintiff's right eye. The grounds of negligence alleged were: Head of hammer loose because no wedge between head and handle; face of hammer rounded; place where plaintiff worked unsafe because gloomy and dark; and failure of defendant to supply plaintiff with goggles. Defendant's answer admitted the employment; denied the other allegations of the petition; alleged that the risk of flying pieces of coal was assumed by plaintiff; pleaded a release executed by plaintiff; and pleaded contributory negligence of plaintiff in failing to wear goggles supplied him by defendant and which he had been instructed to use. In his reply plaintiff denied generally the allegations of defendant's answer, and in avoidance of the release set up the ignorance of plaintiff that he was signing a release and the belief that he was signing a receipt for wages.

On the threshold of our consideration of this case we are confronted with an insufficient abstract of the record. Numerous exhibits were introduced in evidence, a study of at least some of which would be necessary in a determination of the issues here presented, but they are not shown in the abstract of the record filed by appellant, nor does the index "specifically identify" these exhibits as required by our rule number 13. While respondent has filed an additional abstract supplying this information without asking that the appeal be dismissed because of these defects, it must not be understood that appellant is thereby relieved from the consequences, under Rule 16, of his own delinquency. Nor is this all. We find that appellant's brief violates our rule number 15 in that it does not contain "a fair and concise statement of the facts of the case without reiteration, statements of law, or argument." As said in Crockett v. Kansas City Rys. Co., 243 S. W. (Mo. Sup.) 902, 905: "We conceive that the rule requires a statement of the *ultimate facts* which the testimony tends to prove and not a statement of the testimony which tends *to establish such facts.*" At any rate, the statement should fairly and concisely present all the facts admitted in evidence on behalf of both plaintiff and defendant, except when plaintiff is cast on demurrer to the evidence, that are necessary to an understanding and determination of the errors assigned on appeal. In this case appellant not only quotes at length from the testimony instead of stating the ultimate facts, but quotes only the testimony most favorable to his contentions, the more per-

suasive parts appearing *arguendo* in large type, without even intimating, in many instances, that the record contains other testimony admitted by the trial judge the import of which is quite to the contrary. These excerpts are even interspersed with comments of counsel that are not only argumentative but absolutely misleading when considered, as they must be, as a part of the statement of the facts of the case. For instance, counsel for appellant says:

"Plaintiff was an illiterate, uneducated colored man, unable to read and write, and the paper which purported to be a release was not read to him, and plaintiff did not sign a release and signed only a receipt for wages."

This purported statement of ultimate facts is then supported by excerpts from plaintiff's testimony with not even a suggestion that they were anywhere controverted. Recourse to the record shows that substantial and unequivocal evidence was introduced by defendant to the effect that this paper was read to plaintiff before he signed it, that it was a release, and that when plaintiff signed the paper he knew it was a release. Even after making due allowance for the natural if not inevitable touch of the advocate, this is manifestly not a *fair* statement of the facts of the case without argument, and similar instances of partial and misleading representation of the facts in evidence occur throughout this part of appellant's brief, in clear violation of our rule number 15. Respondent has filed a motion to dismiss the appeal because of appellant's failure to comply with this rule. The motion is sustained and the appeal dismissed. In so ruling we are not to be understood as holding that court rules are to be applied harshly or in a manner highly technical. On the contrary, they should be taken to mean just what they say and should be applied to effectuate their underlying purposes. It is not an idle requirement that appellant shall present such a statement of the facts. While it would greatly assist in the early disposition of cases such a statement is not merely for the convenience of the judges. Before finally disposing of a case they would have to familiarize themselves with substantially the whole record anyway. It is, primarily, in aid of an immediate, accurate, complete and unbiased understanding of the facts of the case, without which there can be no proper administration of justice. A statement that does not fairly present the facts not only fails to accomplish this purpose. It is in fact pernicious to the extent that it conveys in the first instance a false, distorted or imperfect impression as to the facts of the case.

In Sullivan v. Holbrook, 211 Mo. 99, 104, where under similar circumstances rules like unto the above were applied, Judge LAMM observed: "When a cause in an appellate court rides off on a question falling short of the merits it must needs be a matter of solicitude."

Feeling much the same way about this case, we have gone out of our way to examine the record with some care in the light of the errors assigned and urged by appellant, and have reached the conclusion that even if the judgment were reviewed on the merits of the contentions made it would have to be affirmed. However, having sustained respondent's motion to dismiss the appeal, we will treat the case as disposed of on that ground. [Vahldick v. Vahldick, 264 Mo. 529, 533.] All concur.