245 S.W.2d 23 (1951)
PAGE
v.
LACLEDE GAS LIGHT CO. et al.
No. 42651.
Supreme Court of Missouri, Division No. 2.
December 10, 1951.
Motion for Rehearing, or to Transfer to Denied January 14, 1952.
Ignatius Page, Jr., St. Louis, pro se.
William R. Bascom and Shepley, Kroeger, Fisse & Ingamells, all of St. Louis, for Laclede Gas Co. (formerly The Laclede Gas Light Co.).
Morris J. Levin and James R. Blumenfeld, St. Louis, for individual respondents.
Motion for Rehearing, or to Reconsider, or to Reinstate, or to Transfer to Court en Banc Denied January 14, 1952.
TIPTON, Judge.
The circuit court of the city of St. Louis sustained respondents' motion to dismiss appellant's first amended petition for the reason that it fails to state facts showing that the appellant is entitled to any relief. The petition asks damages in the sum of $40,000. We, therefore, have jurisdiction of this appeal.
Appellant's statement in his brief filed in this court is as follows:
"The document designated `Appellant's Statement-Transcript' and endorsed `Statement of Case in Accordance with 512.120, R.S.Mo. 1949' transferred to this court by the St. Louis Court of Appeals, as it appeared to the St. Louis Court of Appeals from said document that the amount in dispute in this cause is in excess of the monetary jurisdiction of it.
"On December 20th, 1949, Appellant-Plaintiff's First Amended Petition was filed. On February 6th, 1950, Plaintiff's First Amended Petition filed by leave of Court, joining the officers of the Defendant Union herein. This First Amended Petition is not in this brief, but it is found on pages 12 to 16 of the transcript herein. On December 30th, 1949, the motion of the Defendant, The Laclede Gas Light Company, a corporation's, motion to dismiss was filed. This motion was argued on the 23rd of October, 1950. Appellant contested it, and even filed a brief in opposition of it. This motion was then sustained. It is in paragraph 2 (B) of the transcript on page 8 of it. On October 23rd, 1950, individual motion to dismiss of John L. Baczynski et al. was filed. This motion was argued on the 14th day of November, 1950. Appellant contested it, and also filed a brief in opposition to it. This motion was then sustained. It is paragraph 2 (C) on page 9 of the transcript. Motion for new trial, reconsider and to set aside the dismissal of Plaintiff's *24 First Amended Petition, as to the Defendant The Laclede Gas Light Company, filed on October 31st, 1950, and it was deemed denied by operation of law on January 29th, 1951; it was not passed on within 90 days, and it was declared denied by operation of law by the Court on January 31st, 1951. Motion to set aside the dismissal as to John L. Baczynski et al. filed November 21st, 1950, and it was denied on January 31st, 1951. It is paragraph 2 (E) on page 11 of the transcript. Appellant's notice of appeal to the St. Louis Court of Appeals and its filing date is 2 (F) 4. Page 7 and page 7 1/2 of the transcript. Filed January 31st, 1951. Copies of the orders from which appeal is being taken is in paragraph 3, pages 4-5-6, of the transcript. A concise statement of the points to be relied on by appellant is in paragraph 5, pages 1-2-3. Prayer 6, signatures 7-8, on page 3 of the transcript. The certificate of the St. Louis Clerk, City Circuit Court, is page 17 of the transcript. Page 01 is the page of the index of the transcript."
Rule 1.08 of this court provides: "(a) All briefs shall be printed. The brief for appellant shall contain: (1) A concise statement of the grounds on which the jurisdiction of the review court is invoked; (2) A fair and concise statement of the facts without argument. * * * (b) The fair and concise statement of the facts shall be in the form of a statement of the facts relevant to the questions presented for determination. Irrelevant facts and testimony and mere formal matters should not be included in the statement. If desired, such statement may be followed by a statement of testimony of each witness relevant to the points presented."
The above quoted matter which appellant calls "Statement" does not purport to tell the facts of the case. In fact, it is not a statement of facts in any form. To comply with the above rule, the statement of facts should tell the appellate court what the law suit is about and should be in narrative form.
Under our rule 1.15, we are authorized to dismiss appellant's appeal for not complying with rule 1.08, supra.
We are of the opinion that this is such a flagrant violation of our rules that this appeal should be dismissed. It is so ordered.
All concur.