Charlie TURNER and Rosie Turner,
Appellants,

v.

J. H. CALVERT, d/b/a Acme Construction
Company, and Doris Ethel Calvert, Albert
M. Renkel, Morris Rovin, Frank Maher, and
Sophia Aronoff, Respondents.

No. 46391.

Supreme Court of Missouri,

Division No. 2.

July 14, 1958.

Ellis S. Outlaw, St. Louis, for appellants.

Gerald L. Seegers, St. Louis, for respondents.

BOHLING, Commissioner.

The general object and purpose of this suit, as disclosed by the transcript on file, by Charlie Turner and Rosie Turner, his wife, against J. H. Calvert, doing business as Acme Construction Company, and others, was to set aside the foreclosure sale on August 1, 1949, of a deed of trust executed by plaintiffs to secure plaintiffs' $5,800 note to Doris Ethel Calvert, wife of J. H. Calvert, and to cancel said deed of trust on alleged grounds that said deed of trust was obtained by, and said foreclosure sale was had as the result of, a conspiracy on

the part of said Calvert and the defendants hereinafter named to fraudulently deprive plaintiffs of the real estate described in said deed of trust and for general relief. The findings, decree and judgment are within the issues presented by the pleadings of the several parties. Plaintiffs had a judgment against defendant J. H. Calvert for $3,574.-18 damages arising from said defendant's failure to perform his contract with plaintiffs for the construction of a house on said premises. Plaintiffs executed the note and deed of trust aforesaid in connection with said contract. Plaintiffs' appeal is from that portion of the decree and judgment against plaintiffs on plaintiffs' petition and in favor of defendants Frank Maher, Albert E. Renkel, Morris Rovin, Sophia (sometimes referred to as Sophie) Aronoff and Doris Ethel Calvert, the chancellor finding there was no conspiracy as alleged; in favor of Sophia Aronoff (who purchased said $5,800 note and deed of trust, was found to be the holder in due course of said note secur· d by said deed. of trust, and who thereafter purchased the property at the foreclosure sale on August 1, 1949) and against plaintiffs and each of them on said defendant's counterclaim for the balance, plus interest, due on plaintiffs' note ($5,-820.50) following said foreclosure sale, and for rent of said premises ($6,825.00), possession of which plaintiffs withheld, a total sum of $12,645.50; and in favor of Sophia Aronoff on her crossbill against defendant Albert E. Renkel for a trustee's deed to said premises in accordance with her purchase at said foreclosure sale.

A motion to dismiss the appeal on the grounds appellants have failed to comply with Supreme Court Rules 1.08 and 1.09, 42 V.A.M.S., has been filed.

We quote the provisions of Rule 1.08 pertinent here:

"(a) * * * The brief for appellant shall contain: * * * (2) A fair and concise statement of the facts without argument; (3) The points relied on, which shall show what actions or rul-

ings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder * * *; (4) An argument which shall substantially follow the order of the 'Points Relied On.' * * *

"(b) The fair and concise statement of the facts shall be in the form of a statement of the facts relevant to the questions presented for determination. * * *

"(d) The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule." 42 V.A.M.S. appendix 3; RSMo 1957, Supp., p. 1334.

The transcript filed in this equity suit consists of 185 typewritten pages. Appellants' "Statement. of Facts" is 17 typewritten lines. We have studied this record. We need not detail appellants' Statement of Facts. It is not in accordance with the preponderance of the evidence and the findings of the trial chancellor. No material fact of record is mentioned on which the trial chancellor based his findings in favor of respondents and against appellants. Clearly, this statement does not comply with Supreme Court Rule 1.08, which contemplates a statement fairly and concisely presenting all facts admitted in evidence on behalf of both plaintiffs and defendants that are necessary to an understanding and determination of the errors assigned on appeal. Walker v. Allebach, 354 Mo. 298, 189 S.W.2d 282 [3]; Arnold v. Reorganized School District No. 3, Mo., 289 S.W.2d 90; Sims v. Hydraulic Press Brick Co., 323 Mo. 447, 19 S.W.2d 294; Produce Exchange Bank of Kansas City v. Winn, 345 Mo. 420, 133 S.W.2d 419, 422 [1, 2]; Kleinhammer v.

Kleinhammer, Mo.App., 225 S.W.2d 377 [1, 2]; Peterson Co. v. Landes, Mo.App., 280 S.W.2d 857 [1, 2].

We quote appellants' "Points and Authorities."

"I. A conspiracy is a 'Combination of two or more persons by some conserted action to accomplish some criminal or unlawful purpose, or to accomplish some purpose which in itself is criminal or unlawful, by criminal and unlawful means.' [Citing authorities.]

"In connection with the plaintiff, Charles Turner * * * who engaged the Acme Construction Company, J. H. Calvert, to build him a house in Robertson, which appears that the house was never finished, but that the Acme Construction took a mortgage which they pretended to have sold to Morris Rovin, notoriously known in our files, and Rovin apparently sold to William 'Morry' Schreiber, also known in our files.

"II. A principle is liable civilly for the fraud, deceit or wrongful act of his agent. [Citing authorities.]

"Q. Did you know a man by the name of Schreiber? A. No, sir. Q. Did you know Mr. Calvert? A. No.

"III. Signature to deed or promissory note must be proved. [Citing authorities.]"

Our holdings are that abstract statements of law or of fact do not serve as a "Point" in a brief. They do not state the actions or rulings of the court claimed to be erroneous and why the court was wrong in any action taken. Such are appellants' points. Kleinschmidt v. Globe-Democrat Publishing Co., 350 Mo. 250, 165 S.W.2d 620; Ambrose v. M. F. A. Co-op. Ass'n,

Mo., 266 S.W.2d 647, 648 [1]; Arnold v. Reorganized School Dist., Mo., supra; Repple v. East Texas Motor Freight Lines, Mo., 289 S.W.2d 109, 111 [3, 4], citing cases; Lewis v. Watkins, Mo.App., 297 S.W.2d 595, 597 [3, 4], citing cases and quoting authority that if the rules are not to be obeyed, they should be done away with; Gorman v. Kauffman, Mo.App., 188 S.W.2d 70. The second paragraph under "Point I," quoted supra, purports to state the substance of a portion of a letter written by an investigator, a stranger to the action, which letter, upon objection, was not admitted in evidence because of its hearsay character. No point is made that the letter was competent evidence and its contents are not for consideration. Appellants' argument is not 30 lines in length. If it were for consideration, it would add nothing of substance to appellants' brief. See Scott v. Missouri Pac. R. Co., 333 Mo. 374, 62 S.W. 2d 834, 840 [17, 18]; Eisenbarth v. Powell Bros. Truck Lines, Inc., Mo., 161 S.W.2d 263, 268 [10, 12].

The record also discloses that copies of appellants' brief were not delivered to respondents within the time prescribed by Rule 1.09.

Respondents ask that the appeal be dismissed. They are entitled to this under Rule 1.15. It is so ordered.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.