Mildred BRINGER, Executrix of the Estate of Emma Barr Birchfield, Deceased (Plaintiff), Appellant,

v.

Herbert BARR (Defendant), Respondent.

No. 30068.

St. Louis Court of Appeals.

Missouri.

Dec. 2, 1958.

Rehearing Denied Dec. 30, 1958.

J. Patrick Wheeler, Canton, for appellant.

Earl L. Veatch, Monticello, for respondent.

SAMUEL A. DEW, Special Commissioner.

This proceeding is in the nature of an action for the discovery of assets of the Estate of Mildred . Barr Birchfield, deceased. It was begun by the filing in the Probate Court of Lewis County of an affidavit by the plaintiff as executrix of said estate, wherein she stated her belief that the defendant had concealed or was otherwise withholding personal property of the deceased in the sum of $1,001.39, arising from the sale by defendant of the 1956 corn crop grown on the farm of deceased in Lewis County, Missouri, on which the defendant was her tenant, and that defendant had such funds in his possession and control. After the filing of interrogatories by the plaintiff and the filing of answers thereto by the defendant, a hearing was had in said Probate Court where judgment was rendered in favor of the defendant. Upon appeal to the Circuit Court of Lewis County, judgment was entered in that court in favor of the defendant on December 10, 1957. After the denial of the defendant's motion for new trial on January 10, 1958, .a notice of appeal was filed January 20, 1958.

The notice of this appeal states that the appeal is taken "from the Judgment overruling Plaintiff's Motion for New Trial entered in this action on the Tenth day of December, 1957." An order overruling a motion for a new trial is not appealable under the Civil Code of Missouri. The only appealable judgment in this case was the judgment on the merits dated December 10, 1957. The order of the court overruling the motion for a new trial was dated January 10, 1958. This imperfection in the notice of appeal is not complained of by the respondent, but it is jurisdictional and a matter of which this court must take notice even on its own initiative. Starr v. Mitchell, 361 Mo. 908, 237 S.W.2d 123, 125. The overruling of the motion for new trial merely made the judgment final and appealable. However, the judgment, entered December 10, 1957, being the only appealable judgment in the case and the motion for new trial and the notice of appeal having been timely filed, we may reasonably consider the appeal as an attempt in good faith to appeal from the judgment in the case. Weller . v. Hayes Truck Lines, 355 Mo. 695, 197 S.W.2d 657, 660; Sections 512.020, 512.050 RSMo 1949, V.A.M.S.

In his sworn answers to plaintiff's interrogatories filed in the Probate Court, defendant stated that Mrs. Emma Barr Birchfield, the deceased, owned a life interest in the farm in question; that he now owns it; that he is the adopted son of the deceased and a brother of the plaintiff; that he operated the farm in 1956, and had no written lease or any definite arrangement with deceased relative to rental or to sharing of the crops; that in 1956, he raised and harvested about 40 acres of corn, a portion of which he sold and a portion of which he fed; that he received and retained the entire proceeds of the corn crop and paid none to the estate. Plaintiff's Interrogatory No. 4 required him to state if he claimed all of the 1956 corn crop raised on the farm of deceased and if so, whether by purchase, gift or contract, and to explain. His answer was that deceased did not desire to take any corn of the 1956 crop and "told him before the corn was planted that she wanted him to have all of it; later she told him on different occasions she was giving him all the corn."

There was further evidence that Mrs. Birchfield had lost her husband in March, 1956; that she had a home in Maywood,

and made frequent visits to the farm where the plaintiff lived and to the farm in question in which she had a life estate, and where the defendant lived as her tenant. After having spent nine days at plaintiff's farm in October, 1956, she went to the other farm to visit defendant, where she stayed thirteen days, passing away on November 11 or 12, 1956. She had been ill for a considerable period before these visits. The sale of the corn by the defendant had been made on November 6, 1956.

Plaintiff, executrix of the Estate of Mrs. Birchfield, testified that on the day after Mrs. Birchfield's death she went to see defendant and showed him a copy of the will; that she told him the appraisers would come and appraise the estate property; that she knew Mrs. Birchfield used the west double crib for her part of the crops, and that it was full of corn when plaintiff was there shortly before the deceased died, but was empty on the day she showed the defendant the will. She said defendant told her to be careful what was appraised; that she told him they would appraise the soybeans and the corn. He replied: "I guess you know that she sold a part of the corn." Later when the appraisers asked him about the corn he told them to see Mr. Veatch (attorney for defendant). He consented to allowing the estate one-half of the soybeans.

Inquiry at the Ewing Elevator disclosed that defendant had sold the corn to it on November 6, 1956, and had been given two separate checks for it, one for $1,001.39 and one for $418.39. Also weight slips covering the sales were introduced.

A neighbor, who was one of the appraisers, testified for the plaintiff. He said that he had seen the 1956 corn crop growing and later saw it in the cribs on the farm; that in 1955, he had helped defendant with the corn and half of it was stored in Mrs. Birchfield's crib, which was double, and the one farthest west. He said that at the appraisal defendant stated he had sold the corn to the Ewing Elevator and had given Mrs. Birchfield half of the

soybeans; that when defendant was asked if she should not also have received half of the corn he said, "See Mr. Veatch." The witness said Mrs. Birchfield had told him that defendant always "divided in halves" ever since "the forties." He did not, however, know the arrangement between them for the 1956 crop.

Plaintiff's husband testified as to Mrs. Birchfield's frequent visits to his farm and to the defendant's home. He said while at his home on October 22, 1956, she talked to him about hauling some of her corn as he had done for her in 1952; that she told him she did not want it hauled until after January 1, 1957, because of her income tax, and because the corn would be drier. She told the witness that defendant had sold her oats for her and had given her the money for it.

In defendant's behalf, Leslie McPike, a neighbor, testified that in August, 1956, he called on Mrs. Birchfield to buy some oats from her at the farm and she told him "I haven't got any oats. I gave them all to Herbie (defendant) and I'm also going to give him the corn." In his own behalf the defendant testified that Mrs. Birchfield did not have any corn at the time of her death. His further answer that "She gave it to me" was stricken on plaintiff's motion. He said he had sold the corn to the Ewing Elevator in November, 1956. He was asked:

"To whom did that corn belong?

"Mr. Wheeler (attorney for plaintiff): I object to that.

"A. It was mine.

"Mr. Wheeler (continuing)—as to who this corn belonged to. This witness is an interested party and is not entitled to testify in that respect.

"The Court: Overruled."

Witness said he could not explain why the checks for the corn, issued on the same day, were separate. He said he had sold the corn from both cribs at the farm. He

stated that at the time he sold the corn Mrs. Birchfield was at the farm, was in her right mind and, except for the last day or two, "was up and down" as she had been for many months.

■ Plaintiff's first point is the abstract statement that in a case tried without a jury, the court on appeal will review the case as one in equity, reviewing the evidence and finally disposing of the issues without remand if reasonably possible. While such mere abstract statement of the law does not conform to the requirements of Supreme Court Rule 1.08(a), 42 V.A.M. S., as a statement of point relied on on appeal, we shall, of course, take notice of that rule and of Section 510.310, subd. 4 RSMo 1949, V.A.M.S., providing that a judgment in such a case shall not be set aside unless clearly erroneous, giving due regard to the opportunity of the trial court to judge of the credibility of the witnesses and to Section 512.160, subd. 3 relative to the disposition of the issues without a retrial of issues properly tried.

Plaintiff's second point is that there was no evidence to support defendant's plea of a gift to him of the deceased's corn crop; that the court erred in its finding for the defendant in the absence of any evidence of any intention to make a gift, or of any delivery by the alleged donor, or of acceptance by the defendant.

■ We cannot say that there is no evidence of an intention to make a gift of the corn to defendant in view of the testimony of witness McPike that Mrs. Birchfield told him a few weeks before her death that she was going to give defendant her corn crop of 1956. We disregard the statements of conclusion by the defendant. As to the evidence of delivery, in addition to the testimony that Mrs. Birchfield told Mr. McPike in August, 1956, that she was going to give defendant all the corn, there was evidence that her crib was filled with the corn; that it was removed when she was staying on the premises, and was in her right mind, although she was "up and down" with her ailments and died a few days thereafter. We think there was substantial evidence as above outlined that the corn was accepted by the defendant as a gift.

■ Plaintiff's last point, in effect, is that the burden of proof was on defendant to establish his plea of a gift, and that the court erred in placing upon the plaintiff the burden of disproving it. It is correct to say that in an action to recover property or its proceeds on the ground of ownership, wherein the defendant in possession defends on the theory of a gift of the property to him, the burden is on the defendant to establish such defense. Cremer v. May, 223 Mo.App. 57, 8 S.W.2d 110, 113; Denny v. Brown, Mo., 193 S.W. 552; Spencer v. Barlow, 319 Mo. 835, 5 S.W.2d 28, 32; In re Oberman's Estate, Mo.App., 281 S.W.2d 549, 553. Without restating the evidence of the respective parties in this connection, we refer again to the statutory mandate cited by the plaintiff herein that in cases tried without a jury the appellate court shall not set aside a judgment of the trial court unless clearly erroneous, giving due regard to the opportunity of the trial court to judge of the credibility of the witnesses. To hold that the trial court was in error in its determination of the facts herein, in view of the conflicting evidence of record, would be to substitute our judgment of the credibility of the witnesses without the superior opportunity enjoyed by the trial court to do so.

The judgment should be affirmed. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by SAMUEL A. DEW, Special Commissioner, is adopted as the opinion of the Court. The judgment is, accordingly, affirmed.

RUDDY, P. J., and ANDERSON and WOLFE, JJ., concur.