William WALKER and Paris Walker, Respondents,

v.

Josephine THOMPSON, Appellant.

No. 47592.

Supreme Court of Missouri,
Division No. 1.
Sept. 12, 1960.

William F. Brown, Sedalia, for appellant.

Rasse & Rasse, Marshall, for respondents. Edward R. Scott, Marshall, of counsel.

DALTON, Judge.

Action in equity by certain heirs at law of Mrs. Annie Reynolds, deceased, to vacate and set aside, on the ground of mental incapacity of the grantor, a deed executed by Mrs. Reynolds to defendant Josephine Thompson a few days before her death. The trial court found the issues for plaintiffs and set the deed aside. Defendant has appealed.

The real estate described is located in Saline County and title to real estate is directly involved, hence this Court has jurisdiction of the appeal. Constitution of Missouri 1945, Art. V, Sec. 3, V.A.M.S.

Mrs. Reynolds and her husband owned the property in question as tenants by the entirety. Her husband died on December 26, 1957. The deed in question was executed by Mrs. Reynolds two days later, on December 28, 1957. It was recorded January 4, 1958, and Mrs. Reynolds, who was probably in her late eighties, died on January 6, 1958. This action was instituted February 6, 1958, and the decree for plaintiffs was entered February 18, 1959.

Before proceeding further it is necessary to consider respondents' motion to dismiss this appeal for flagrant violation of the rules of this Court in the preparation of appellant's brief and on other grounds. The motion was filed prior to the argument and submission of the cause, but the Court ordered the motion taken with the case and appellant and respondents were permitted to argue the appeal before the Court.

The motion to dismiss the appeal first pointed out that appellant's notice of appeal filed in this Court recites that: "Josephine Thompson, one of the above named defendants, hereby appeals to the Supreme Court of Missouri from the judgment and order overruling and denying the defendant, Josephine Thompson's motion for a new trial entered on the 20th day of April, 1959." No appeal lies from an order overruling a motion for a new trial, but the aggrieved party may appeal from a final judgment entered against him. Secs. 512.-010 and 512.020 RSMo 1949, V.A.M.S. The right of appeal is purely statutory and where the statutes do not give such a right, no right of appeal exists. Wicker v. Knox Glass Associates, 362 Mo. 614, 242 S.W.2d 566, 571; Madison v. Sheets, Mo.Sup., 236 S.W.2d 286, 287. Only by a most liberal construction of the statute has it been held that such a notice of appeal is sufficient to vest an appellate court with jurisdiction.

See Weller v. Hayes Truck Lines, 355 Mo. 695, 197 S.W.2d 657, 659(3); Bringer v. Barr, Mo.App., 318 S.W.2d 524, 525. "It is the spirit of the new code to sustain an appeal which is actually an attempt in good faith to appeal from a final judgment even though some other unappealable order is inadvertently designated therein." Woods v. Cantrell, 356 Mo. 194, 201 S.W.2d 311, 315. The appeal will not be dismissed for any inadequacy of the notice of appeal.

Respondents further say that the brief of appellant contains no proper "Statement of Facts"; and that the "Points Relied On" are wholly insufficient to comply with the rules of this Court. With this we agree.

Supreme Court Rule 1.08(a) (3), in effect when appellant's brief was filed in this Court on March 21, 1960, provides that the brief for appellant shall contain "the points relied on, which shall specify the allegations of error, with citation of authorities thereunder." Subdivision (d) of Rule 1.08 provides that: "The points relied on shall briefly and concisely state what actions or rulings of the Court are claimed to be erroneous and briefly and concisely state why it is contended the Court was wrong in any action or ruling sought to be reviewed. Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule." Also see Supreme Court Rule 83.05, effective April 1, 1960, V.A.M.R.

The only allegation of error set out under "Points Relied On" is in Point II of appellant's brief, as follows: "The finding and judgment was for the wrong party under the law and evidence." No reasons are assigned. Appellant has not stated why it is contended the court was wrong in the action or ruling sought to be reviewed. Assignments of error which do not undertake to point out wherein the error lies present nothing for review. Berghorn v. Reorganized School Dist. No. 8, Franklin County, 364 Mo. 121, 260 S.W.2d 573, 580.

And see Repple v. East Texas Motor Freight Lines, Mo.Sup., 289 S.W.2d 109, 111.

In eight numbered points under "Points Relied On" the appellant has stated abstract statements of well-established principles of law with citation of cases, but without stating how or why they apply in this case. A typical statement is, as follows: "The mental incapacity must be operative at the time of the execution of the instrument." These abstract statements of law are set out in the brief, regardless of the fact that Rule 1.08(d) expressly states that such is not a compliance with the rule. Such abstract statements of law "do not state the actions or rulings of the court claimed to be erroneous and why the court was wrong in any action taken." Turner v. Calvert, Mo.Sup., 315 S.W.2d 118, 120 (2, 3).

As stated, there is an assignment under "Points Relied On" that the finding and judgment was for the wrong party, but without the assignment of any grounds or reasons therefor. Upon reading the printed argument, we discover for the first time that appellant contends that "the plaintiffs failed in the entirety to sustain the burden of proof"; and that "there is a total failure of credible evidence to justify the trial court in finding that Annie Reynolds, deceased, was mentally incompetent to execute the deed."

Assuming, however, that these contentions are sufficient to present the issue, we must determine the sufficiency of appellant's statement of facts. Supreme Court Rule 1.08(a) (2) provides that the brief of appellant shall contain "a fair and concise statement of the facts without argument." Subdivision (b) provides: "The fair and concise statement of the facts shall be in the form of a statement of *the facts relevant to the questions presented for determination.* Irrelevant facts and testimony and mere formal matters should not be included in the statement. If desired, such state-

ment may be followed by a statement of testimony of each witness relevant to the points presented." (Italics ours.)

The so-called "Statement of Facts" set forth in appellant's brief gives the legal description of the real estate in question, states the ownership of the property prior to the conveyance, the date of the deed and when it was recorded, the date of the death of the grantor, the date of the institution of the action and the date of all proceedings in the cause up to and including the filing of the notice of appeal. While this statement recites that the court found "in favor of plaintiffs on the issue of mental capacity" and ordered that the deed be set aside, the statement does not contain a single sentence concerning the facts or evidence in the case relevant to the issue mentioned in the printed argument, although the transcript filed in the case contains some 275 pages of testimony. There is, therefore, no statement of the facts relevant to the question intended to be presented for decision, to wit, the sufficiency of the grantor's mental capacity to execute the deed. Jacobs v. Stone, Mo.Sup., 299 S.W.2d 438, 440; Page v. Laclede Gas Light Co., Mo.Sup., 245 S.W.2d 23, 24(2).

Although the motion to dismiss the appeal for failure to comply with the rules was filed by respondents on April 22, 1960, and although it fully pointed to the defects in appellant's brief, no request was made for a continuance of the cause, or for permission to file an amended brief, and the cause was argued and submitted on May 5, 1960, and, as stated, the motion to dismiss was taken with the case. See concurring opinion of Hyde, J. in Ambrose v. M. F. A. Co-operative Ass'n of St. Elizabeth, Mo. Sup., 266 S.W.2d 647, 650.

There is nothing in appellant's brief to indicate a misinterpretation or misunderstanding of the rules governing appellate practice, as in the case of Rigg v. Hart, Mo.Sup., 255 S.W.2d 778, 779. Instead, the rules have apparently just been ignored.

The purpose of Rule 1.08(a) (2) and (b) is well stated in Wipfler v. Basler, Mo.Sup., 250 S.W.2d 982, 984, as follows: "The statement is primarily to afford an immediate, accurate, complete and unbiased understanding of the facts of the case * * *."

In the case of Turner v. Calvert, supra, 315 S.W.2d 118, 119(1), (an appeal in an equity case) the court (with reference to an alleged statement) said: "No material fact of record is mentioned on which the trial chancellor based his findings in favor of respondents and against appellants. Clearly, this statement does not comply with Supreme Court Rule 1.08, which contemplates a statement fairly and concisely presenting all facts admitted in evidence on behalf of both plaintiffs and defendants that are necessary to an understanding and determination of the errors assigned on appeal." And see Walker v. Allebach, 354 Mo. 298, 189 S.W.2d 282, 283.

The rules of this Court which have been violated by appellant are intended to facilitate the work of the Court and they are equally for the benefit of the litigants in order that the issues may be properly presented and considered.

In the case of Sullivan v. Holbrook, 211 Mo. 99, 103, 109 S.W. 668, 670, the Court said: "The rules of appellate practice in hand are simple and plain. They fill no office of mere red tape, or as a show of surface routine. To the contrary, they have substance, and carry on their face the obvious purpose to aid appellate courts in getting at the right of a cause. Hence, apparently, they bespeak the dignity arising from obedience. If they are not to be obeyed, they should be done away with once for all. A just rule, fairly interpreted and enforced, wrongs no man. Ostensibly enforced, but not, it necessarily wrongs some men viz., those who labor to obey it— the very ones it should not injure. If the rules in question stand for something and are ever to be enforced, they should be put in motion in this case." And see Jacobs v. Stone, supra, 299 S.W.2d 438, 440; Ambrose v. M. F. A. Co-operative Ass'n of St. Elizabeth, supra, 266 S.W.2d 647, 648.

Opposing counsel are entitled to have the rules substantially and reasonably complied with, particularly, when they request it. No good cause has been attempted to be shown in this case for the failure of appellant's counsel to comply with the mentioned rules. Since appellant's brief shows such flagrant violations of our rules, we have decided that respondent's motion to dismiss should be sustained and the appeal dismissed. However, we have read the briefs and the transcript of the evidence and are satisfied from the facts shown by this record that the interests of justice do not require a different disposition of the case than that which has been made by the trial chancellor. In any event this Court would have to give due deference to the better opportunity of the chancellor to judge and determine the credibility, weight and value of the conflicting oral testimony presented before him.

The appeal is dismissed.

All concur.