Tillman HARDY, Appellant,

v.

James H. J. McNARY, St. Louis County, Missouri, Francis H. Kennedy, Ralph L. Devereaux, Edward Walsh, Lynn Wulfing and Henry J. Deeken, Respondents.

No. 48751.

Supreme Court of Missouri,

Division No. 2.

Nov. 13, 1961.

**18**

Tillman Hardy, pro se.

William E. Galagher, County Counselor of St. Louis County, Clayton, Walter H. Smith, First Asst. County Counselor, Ballwin, Robert C. Finot, Asst. County Counselor, Clayton, for respondents James H. J. McNary and St. Louis County.

STOCKARD, Commissioner.

The trial court dismissed plaintiff's second amended petition and he has appealed. Jurisdiction is in this court because St. Louis County is a party to the action. St. Francois County v. Brookshire, Mo.Sup., 302 S.W.2d 1.

From the petition we find the following allegations of fact. Appellant is a resident, taxpayer and voter of St. Louis County. Francis H. Kennedy was elected assessor of St. Louis County on November 8, 1960 for a four-year term commencing September 1, 1961. Ralph L. Devereaux and Edward Walsh, respectively, are collector and clerk of St. Louis County. Each of these officials refused to join in the petition as plaintiffs and have been made defendants. Lynn Wulfing and Henry J. Deeken were co-chairmen of the Citizens Committee for Charter Revision and have intervened in the action. At the general election held on November 8, 1960, Propositions A and B to amend the home rule charter of St. Louis County were submitted to the voters. Proposition A proposed to abolish the offices of assessor and collector, to change some of the duties of the county clerk, and to place all the powers and duties of the assessor, collector and county clerk respecting taxes under the direction of a county department of revenue. Proposition B proposed to place all of the employees of the new department of revenue under the county merit system with the exception of the director of revenue. Both propositions were approved by the voters. On December 14, 1960 the St. Louis County Council enacted Ordinance No. 1976 which provided for a director of revenue to be appointed by the county supervisor, and which also provided for and specified the duties of an assessor and a collector to be appointed by the director of revenue under the merit system. The ordinance also provided that the county assessor and collector's office should be abolished on March 1, 1961, and it made provision for the effective dates of various provisions of the ordinance and of the amendments to the county charter.

Plaintiff then alleged that "the aforesaid purported amendments and the aforesaid ordinances passed pursuant to said amendments are unconstitutional, invalid and

void," and he set forth eight alleged reasons as follows:

(a) The title of the amendment as submitted to the electorate was "vague, indefinite, inaccurate, uncertain and misleading, in that Proposition A did not indicate from its title that the assessor and collector would not be officers but employees appointed by the director of revenue for indefinite terms under the merit system, did not indicate that the office of assessor and collector would be terminated on any certain date prior to the completion of the terms for which they were elected."

(b) "The ballots presenting Propositions A and B at the same election at which the assessor was being elected presented a conflict in the propositions presented to the electorate which conflict was resolved by a larger number of votes being cast for the assessor than were cast for the propositions."

(c and d) The amendments to the charter proposed by Proposition A and Ordinance 1976 "are in violation of the laws of the State of Missouri respecting the assessment levy, equalization and collection of taxes in the State of Missouri," and "respecting the office of county collectors, assessors and county clerks."

(e through h) The purported amendments are in violation of "Article 3, Section 40;" "Article 10, Section 1;" "Article 10, Section 3;" and "Article 6, Section 18" of the Constitution of Missouri.

In support of his request for a temporary injunction, plaintiff alleged that the county supervisor "has indicated his intention to appoint a director of revenue on January 1, 1961," and that in doing so "there will then be two officers having concurrent jurisdiction of the assessments in St. Louis County, namely the director of revenue and the assessor of St. Louis County and two officers having concurrent jurisdiction of the collections, namely the director of revenue and the collector of St. Louis County * * until March 1, 1961 and that a temporary

injunction is necessary to retain the status quo until the validity of these amendments and ordinances aforesaid can be determined." Plaintiff then alleged that "the status and validity of the assessments and collections under the purported amendment and the aforesaid ordinance will create confusion and controversy among the citizens and taxpayers of St. Louis County," and irreparable harm will result to the citizens and taxpayers of St. Louis County "and in particular to this defendant" (sic) unless the county supervisor is restrained from making the appointment of a director of revenue.

In the concluding three paragraphs of his petition plaintiff alleged that "the aforesaid ordinances and amendments are invalid and as the owner of real and personal property he does not intend to recognize the assessment of the department of revenue nor does he intend to make payment to the collector employed by the director of revenue of any taxes assessed by said department;" the value of his property will be greatly reduced "by reason of the invalidity of the aforesaid amendments and ordinances;" the sums spent to set up the department of revenue "will constitute an illegal expenditure of county taxes;" and "the matters here involved are of great public interest to St. Louis County" and the court should take jurisdiction of the proceedings. In the prayer plaintiff asked that the court declare "the various rights and status of the parties arising under the Constitution and Laws of the State of Missouri and the charter and ordinances of St. Louis County, Missouri;" that the amendments to county charter submitted by Propositions A and B "are unconstitutional and void;" that defendants Kennedy and Devereaux are respectively the assessor and collector of St. Louis County; that defendant Walsh as county clerk "shall perform all of the duties assigned to county clerks respecting the taxes in St. Louis County or in the alternative that said election was void;" and that "the court issue its temporary restraining

order enjoining the county supervisor from appointing the director of revenue."

St. Louis County and James H. J. McNary, the county supervisor, filed a motion to dismiss the petition on the grounds, among others, that the court is without jurisdiction of the subject matter of the action; there exists no justiciable controversy between plaintiff and defendants; plaintiff has no legal capacity to bring the action; plaintiff has no legally protectible interest in the outcome of the action; and the petition fails to state a cause of action. Interveners Wulfing and Deeken filed a somewhat similar motion to dismiss. The trial court sustained both motions without assigning his reasons therefor, and this appeal resulted.

Plaintiff-appellant's single point in his brief is in its entirety as follows:

"The court erred in dismissing plaintiff's second amended petition because all of the following four statements are true. If any be not true, the court did not err.

"A. The purpose of plaintiff's petition was to void the Revenue Amendments as stated in his prayer.

"B. The suit was filed at a proper time.

"C. Declaratory Judgment was a proper remedy.

"D. Plaintiff was a proper party to the suit."

■ Supreme Court Rule 83.05(a), V.A.M.R., requires that the brief of an appellant contain "The points relied on, which shall show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous." This Rule contemplates and provides for an orderly and easily understood procedure whereby a party aggrieved by an appealable order or judgment may obtain appellate review of asserted errors. In the absence of plain error affecting

substantial rights within the meaning of Supreme Court Rule 79.04 the appellate court does not rule on issues not properly preserved for review. It is the general rule of universal application that an appellate court will indulge in the presumption that the trial court's action from which the appeal is taken was correct, and that appellant has the burden of affirmatively establishing the alleged error upon an appeal. Morris v. Willis, Mo.Sup., 338 S.W.2d 777, 780; James v. James, Mo.Sup., 248 S.W.2d 623; Davidson v. Hennegin, Mo.Sup., 304 S.W.2d 836; 5 C.J.S. Appeal and Error § 1533, p. 1025. Respondent does not have the burden or duty on appeal to establish the correctness of the judgment. Lakin v. Postal Life and Casualty Co., Mo.Sup., 316 S.W.2d 542, 70 A.L.R.2d 564.

■ With these principles in mind we shall examine appellant's point. He first asserts that the trial court erred in dismissing his petition. Therefore, he does set forth briefly and concisely the alleged erroneous ruling which he seeks to have reviewed. He then states that the ruling was wrong because "four statements" which he sets out "are true" and he admits that "if any be not true, the court did not err." Supreme Court Rule 83.05(e) provides that in stating why it is contended the trial court was wrong in any action or ruling sought to be reviewed, that "Setting out only abstract statements of law without showing how they are related to any action or ruling of the Court is not a compliance with this rule." See Turner v. Calvert, Mo. Sup., 315 S.W.2d 118; Bringer v. Barr, Mo.App., 318 S.W.2d 524. Each of the four statements in the point is nothing more than an abstract statement of law. If we assume that each statement is true they do not demonstrate that the action of the trial court was erroneous, and this court is not to search the record in an effort to find some reason why these abstract statements relate to the action of the trial court. To do so would impose upon it the duty of acting as counsel for appellant; conduct in conflict with its traditional and judicial

function. We would be justified in dismissing the appeal for failure to comply with the above refered to Rule. See Supreme Court Rule 83.09 wherein it is provided that when an appellant fails to comply with certain Rules, including Rule 83.05, the court shall "dismiss the appeal or affirm the judgment" except in certain circumstances which are not here present. Because of the nature of this action and the public interest therein, and in the exercise of our discretion in the matter, we elect not to dismiss the appeal but to demonstrate why the judgment of the trial court should be affirmed.

■ All the relief sought by the petition is bottomed upon the contention that the "said amendments [to the county charter] are unconstitutional, invalid and void." The first allegation in support of this conclusion is that the title of the amendment as submitted to the electorate by Proposition A was "vague, indefinite, inaccurate, uncertain and misleading" because it did not indicate that the assessor and collector would not be officers but employees, and did not indicate that the office of assessor and collector would be terminated prior to the completion of the terms for which they were elected. The fact that the title did not "indicate" the two matters referred to would not necessarily make the amendment void unless there was some requirement in this respect, and as to what constitutional, statutory, or charter provisions, if any, plaintiff contends were violated by reason of this is left to the imagination and to conjecture. We note that a copy of the ballot containing the title was attached to and made a part of the petition. The language of the title therefore became a part of the petition for all purposes and is properly considered in passing on the sufficiency of the petition. Beets v. Tyler, 365 Mo. 895, 290 S.W.2d 76; M.F.A. Mut. Ins. Co. v. Hill, Mo.Sup., 320 S.W.2d 559. Whether the title was deficient in the respects asserted in the petition was a question of law. We need not set out the title in this opinion, but it is sufficient to say that assuming plaintiff had the capacity to raise the question, upon examination we find that the title was sufficient to identify the amendment and show its character and purpose, and "It [is] not necessary to reproduce on the ballot the charter amendment in its entirety." State on Information of Dalton ex rel. Shepley v. Gamble, 365 Mo. 215, 280 S.W.2d 656, 661.

■ Plaintiff next asserts that the ballots presenting Propositions A and B at the election at which the assessor was elected "presented a conflict * * * which was resolved by a larger number of votes being cast for the assessor than were cast for the propositions." This is but a conclusion, and in any event why it is contended that such a procedure was wrong or would result in the invalidity of the amendments to the county charter is left solely to conjecture and speculation. This allegation is totally insufficient to present an issue as to the validity of the amendments to the charter.

■ The next two allegations are that the amendments "are in violation of the laws of Missouri" respecting the assessment, levy, equalization and collection of taxes, and respecting the office of county assessors, collectors and clerks. In what manner or in what respect the laws of Missouri are violated is left to conjecture. The allegations are legal conclusions only. See Folger v. Lowery, Mo.App., 210 S.W.2d 1011. The remaining allegations are to the effect that certain provisions of the Constitution of Missouri, identified only by article and section number, are violated. No allegations of fact are set forth. These allegations also constitute only legal conclusions. Goodson v. City of Ferguson, Mo. Sup., 339 S.W.2d 841, 845.

"The conclusions of the pleader are not to be considered in determining whether plaintiffs have stated a cause of action, Ryan v. City of Warrensburg, 342 Mo. 761, 117 S.W.2d 303, because the averment of a legal conclusion is not a statement of an issuable fact and is to be treated as no

statement at all." Goodson v. City of Ferguson, supra. This rule applies in this state to actions for declaratory judgment. "'The petition or complaint [for declaratory judgment] must allege facts showing the need for a judicial determination of the controversy, * * *. A mere statement of the pleader's conclusions without a statement of the facts on which they are based is insufficient.'" Transport Manufacturing & Equipment Company v. Toberman, Mo. Sup., 301 S.W.2d 801, 805. The result is that the petition contains no allegation of fact, properly made, which if true would require, justify or permit a ruling that the amendments to the charter of St. Louis County were invalid. Therefore, regardless of the truth of the four statements of appellant in the point in his brief, the petition was properly dismissed.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.