**CITY OF META, Missouri, a Municipal Corporation, (Plaintiff) Respondent,**

v.

**Leo HAGENHOFF, Clarence Sherril, Joseph Meyer, Mary Meyer, Leo Massman and Ida Massman, (Defendants) Appellants.**

No. 31065.

St. Louis Court of Appeals.

Missouri.

Dec. 18, 1962.

———◆———

Henry BalkenBush, John P. Peters, Linn, for appellants.

Robert L. Hawkins, Jr., and Graham & Hawkins, Jefferson City, for respondent.

JACK P. PRITCHARD, Special Judge.

This is a suit for declaratory judgment that a proposed annexation of lands to respondent City of Meta, Missouri, be declared to be reasonable and necessary under the provisions of the Sawyer Act, Section 71.015 RSMo 1959, V.A.M.S. Judgment

and decree in the trial court was for respondent City, from which appellants duly appeal.

■ Respondent has filed a Motion to Dismiss Appeal which was by this court ordered taken with the whole case upon oral arguments had on November 5, 1962. The basis of the Motion is appellants' alleged failure to comply with Supreme Court Rule 83.05, V.A.M.R., in that it is said that (1) in their brief appellants have made a statement consisting of pleadings, proceedings, issue and a summary of the evidence, without a single reference to the transcript pages; and (2) a review of each witness' testimony with reference to the transcript pages only where the witness' direct and cross examination begins therein.

Reference to the minutes of this court reveals that on May 15, 1962, appellants' original brief was ordered stricken from the files on this court's own motion for appellants' failure to comply with said Supreme Court Rule 83.05. Thereafter, on September 27, 1962, the instant brief for appellants was filed.

There is merit in respondent's Motion to Dismiss Appeal. A casual inspection of appellants' brief shows that the "Statement" starting on page two and ending at the middle of page six thereof has not a *single* reference to any page of the transcript, which consists of 288 pages in all, some 250 pages thereof being devoted to testimony of witnesses, trial court rulings and argument of counsel.

■ Surely, it could not be expected that this court should be compelled to search the transcript to substantiate appellants' "Statement" and to find the relevant facts upon which an opinion herein could be based. Nor should counsel for respondent have the burden to determine from appellants' brief the facts upon which appellants rely for their prayed relief, and to have to meet those facts in its own (respondent's) brief. See Walker v. Thompson, Mo., 338 S.W.2d 114; Markowitz v. University City,

Mo.App., 335 S.W.2d 455; and Weinbrenner v. McCall, Mo.App., 336 S.W.2d 532.

The further objection is that concerning the review of each witness' testimony in appellants' brief immediately following the above mentioned "Statement", there is no reference to the transcript as to where such testimony is set forth, other than where the direct and cross examination of each witness begins. This is further a noncompliance with Supreme Court Rule 83.05. For instance, the witness Rowan's direct examination begins on page 27 of the transcript and goes on for some 36 pages. The brief wholly fails to allude to any testimony in the intervening transcript pages, and this is the same all the way through what is denominated in the brief as "Plaintiff's Evidence" and "Defendants' Evidence." Nor does the argument contained in the brief of appellants supply the deficiency here since in the whole thereof there are but three page references to this voluminous record.

■ The provisions of Supreme Court Rule 83.05(c) and (d) here involved are clear, and the Bar should have no difficulty in following them in preparing briefs which would be fair to the opposing party, and which would aid our appellate courts in reaching a correct decision on the merits of the case. Such is the purpose of the rule. Walker v. Thompson, supra. But if the Bar has difficulty in following the rule as written, attention is called to the many excellent articles which give more detailed directions to the Bar concerning the preparation of appellate briefs. See Law Review Commentaries cited under Supreme Court Rule 83.05, Vol. 3, V.A.M.R., notable among which were written by Conkling, J., 10 J. of Mo.Bar 161 (Oct. 1954), and Stone, J., 15 J. of Mo.Bar 80 (Feb. 1959).

Appellants, though warned by their original brief being stricken herein, and having been given an opportunity to comply with said rule, have failed to file a sufficient brief. It is therefore ordered that respond-

ent's Motion to Dismiss Appeal be sustained, and the same is hereby dismissed.

RUDDY, Acting P. J., and J. MORGAN DONELSON, Special Judge, concur.

ANDERSON, P. J., and WOLFE, J., not participating.