**CROSSGATES HOME ASSOCIATION, Respondent,**

v.

**Charles BLOMQUIST, Jr. and Helen R. Blomquist, Appellants.**

**No. KCD 27716.**

Missouri Court of Appeals, Kansas City District.

May 3, 1976.

Rehearing Denied June 1, 1976.

Larry O. Denny, The Legal Aid and Defender Society of Greater Kansas City, Inc., Kansas City, for appellants.

Robert Van Horn, Hutson, Van Horn, Schmidt & Hammett, Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

Defendants (hereinafter referred to as appellants) appealed from a "Contempt Order" imposing a fine predicated on violation of a final judgment enjoining them from breaching certain "Subdivision Restrictions". Their sole claim on appeal being that the trial court exceeded the scope of its

subject matter "jurisdiction" when it initially enjoined the conduct from which the contempt proceeding emanated.[1]

Rules 81.12(b) and 81.14(a) require that a transcript on appeal contain all records, proceedings and evidence necessary to determine all questions presented for appellate review. Determination of whether the trial court exceeded its jurisdiction in granting the injunctive relief upon which the "Contempt Order" was predicated necessarily depends upon the scope and nature of the "Subdivision Restrictions" and the evidence adduced at the original trial relative thereto, neither of which is to be found in the abbreviated transcript on appeal filed in this court. Perforce, appellants' failure to comply with Rules 81.12(b) and 81.14(a), supra, has deprived this court of the basic facts essential to determine the sole question presented by them on appeal.

In conclusion, a judgment entered in a court tried case is presumed to be correct and a party questioning it carries the burden of proving otherwise. *James v. James,* 248 S.W.2d 623 (Mo.1952); *Hardy v. McNary,* 351 S.W.2d 17 (Mo.1961); *State ex rel. Mayfield v. City of Joplin,* 485 S.W.2d 473 (Mo.App.1972); and *Weston v. Great Central Insurance Company,* 514 S.W.2d 17 (Mo.App.1974). Concomitantly, since appellants failed to include anything in the transcript on appeal which would enable this court to determine whether or not the trial court exceeded its jurisdiction in rendering the original judgment, the existence of facts necessary to give the trial court jurisdiction over the full scope of the subject matter of the judgment underlying the "Contempt Order" is presumed. *First Nat. Bank & Trust Co. v. Bowman,* 322 Mo. 654, 15 S.W.2d 842 (1929); *Steinbaum v. Wallace,* 237 Mo.App. 841, 176 S.W.2d 683 (1944); and *Cusack. v. Green,* 252 S.W.2d 633 (Mo.App.1952).

Since the judgment of contempt is affirmed, it is unnecessary to rule on respondent's motion to dismiss the appeal.

Judgment affirmed.

---

1. Neither party has questioned the nature of the contempt proceeding, whether civil or criminal, and, in view of the disposition hereinafter made of the appeal, the contempt proceeding will be assumed to have been civil in nature.

    Although the judgment underlying the "Contempt Order" became final long before the contempt proceeding was initiated, appellants' belated attack upon the original judgment is bottomed upon the principle that it is subject to collateral attack because the scope of the original judgment exceeded the subject matter jurisdiction of the trial court.